**E. I. Du Pont De Nemours and Company, Appellee, v. McKay Engineering and Construction Company and United States Fidelity and Guaranty Company.**

**Appeal of the United States Fidelity and Guaranty Company, Appellant.**

Gen. No. 40,227.

Heard in the first division of this court for the first district at the June term, 1938. Opinion filed December 13, 1938.

ROBERTSON, CROWE & SPENCE, of Chicago, for appellant; EUGENE P. KEALY and HENRY L. McINTYRE, both of Chicago, of counsel.

No appearance for appellee.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

Plaintiff brought an action on a surety bond executed by defendants as principal and surety, conditioned upon the performance of a construction contract made by defendant McKay Engineering & Construction Company with the Sanitary District of Chicago. Plaintiff's claim was for $1,601.06. The principal defendant, McKay Engineering & Construction Company, filed its affidavit of merits in which it admitted a liability of $705, being the fair, reasonable agreed price for materials furnished by plaintiff in the construction of the work. Afterward, on motion of plaintiff, judgment was entered against the McKay Engineering & Construction Company for the amount it admitted due, $705, and it was ordered that there be a trial for the balance of plaintiff's claim. Later the Surety Company filed its motion to dismiss the suit as to it on the ground that the court was without jurisdiction because the bond in suit was executed by defendants, pursuant to par. 15, ch. 29, Ill. Rev. Stat. 1937 [Jones Ill. Stats. Ann. 126.320], and that by par. 16, of that act, it was provided that actions to recover on such bonds could be only brought in the circuit courts of the State, and therefore the municipal court had no jurisdiction. The court overruled the motion. Defendant elected to stand by its motion and

thereupon, judgment was entered in plaintiff's favor against the Surety Company for the balance of its claim, $896.06, and the Surety Company appeals.

Plaintiff has filed no brief in this court.

The question for decision is, has the municipal court of Chicago jurisdiction of a suit on such bond? Par. 15, ch. 29 [Ill. Rev. Stat. 1937; Jones Ill. Stats. Ann. 126.320] provides that: "All officials, boards, commissions or agents of this State, or of any political subdivision" in making contracts for public work to be performed for the State, or a political subdivision thereof, shall require every contractor for such work to execute a bond, etc., with good and sufficient surety in an amount to be fixed, conditioned "for the payment of material, used in such work and for all labor performed in such work, whether by subcontractor or otherwise." Par. 16 of the act provides that "Every person furnishing material or performing labor, either as an individual or as a sub-contractor for any contractor with the State, or a political subdivision thereof where bond shall be executed as provided in this Act, shall have the right to sue on such bond . . . for his use and benefit," etc. The paragraph also provides for the filing of notice by the claimant, and other matters not here pertinent, and further provides "Suit shall be brought only in the circuit court of this State in the judicial district in which the contract is to be performed."

Plaintiff, in its statement of claim alleged that it furnished materials as sub-contractor, pursuant to a contract entered into between it and defendant, McKay Engineering & Construction Company, which materials were used in a certain work job or project for the Sanitary District of Chicago, with whom the McKay Engineering & Construction Company had a contract. We think it clear that the bond, which is the basis of the instant case, was intended to comply with the pro-

visions of the statutes. By par. 16 of the act, the legislature saw fit to lodge jurisdiction alone in the circuit courts of the State where suit was brought on such bonds. Apparently the legislature, in passing the act, intended that every contractor mentioned in the act should give a bond for the faithful performance of the work, and that any one furnishing labor or material in connection with the work might bring suit to recover for his labor or material, and the legislature intended that such suits should not be brought before other courts but only in the circuit courts of the State in the judicial district in which the contract was to be performed.

We hold that the municipal court had no jurisdiction and the motion of the Surety Company should have been sustained.

The judgment of the municipal court of Chicago appealed from is reversed and the cause remanded with directions to sustain the Surety Company's motion.

*Judgment reversed and remanded with directions.*

McSURELY, P. J., and MATCHETT, J., concur.