McWane Cast Iron Pipe Company, Plaintiff-Appellant, v. The Aetna Casualty and Surety Company, Defendant-Appellee.

Gen. No. 9,959.

400

Opinion filed October 19, 1954. Rehearing denied December 1, 1954. Released for publication December 1, 1954.

ELDON L. MCLAUGHLIN, and WILBUR R. WICKS, both of Danville, for appellant.

KIRKLAND, FLEMING, GREEN, MARTIN & ELLIS, of Chicago, and STEELY, DYSERT & NORWOOD, of Danville, for appellee; HOWARD ELLIS and WALTER T. KUHLMEY, of Chicago, and BEN NORWOOD, of Danville, of counsel.

MR. JUSTICE HIBBS delivered the opinion of the court.

Plaintiff, McWane Cast Iron Pipe Company, a corporation, filed its unverified amended complaint in the circuit court of Vermilion county alleging that on July 12, 1950 it sold to Albert Warner Construction Co. of Hoopeston, Illinois certain materials used by the construction company in the installation of a waterworks in the Village of Potomac, Illinois; that the construction company furnished a performance bond in which defendant, Aetna Casualty and Surety Company, a corporation, was surety; that the price of the materials sold the construction company was $18,329.43; that $13,415.69 had been paid on account by the construction company, leaving a balance of $4,913.74 which it refused to pay; that by reason of the performance bond which was set forth in the complaint verbatim, the defendant surety company was liable for this unpaid balance. The defendant surety company filed its unverified motion to strike the amended complaint, alleging that it was substantially insufficient in law, being contrary to and in derogation of the provisions of the statute specifically applicable to suits on bonds required in contracts for public construction to-wit: ch. 29, pars. 15 and 16, Ill. Rev. Stats. 1951 [Jones Ill. Stats. Ann. 126.320, 126.321]. This motion was sus-

tained by the circuit court and the cause of action was dismissed. Plaintiff has appealed to this court.

 Plaintiff contends: First, that the defendant's motion does not comply with section 45 of the Civil Practice Act (Ill. Rev. Stats. 1951, ch. 110, par. 169 [Jones Ill. Stats. Ann. 104.045]) because it fails to specify wherein the complaint fails to meet the statutory requirements, and further, that the motion does not comply with section 48 of that Act (Ill. Rev. Stats. 1951, ch. 110, par. 172 [Jones Ill. Stats. Ann. 104.048]) since it was not supported by affidavit. The motion to strike assigned as a reason therefor: "Such amended complaint is substantially insufficient in law, being contrary to and in derogation of the provisions of the statute specifically applicable to suits on bonds required in contracts for public construction, to-wit: ch. 29, Sec. 15 and 16, Ill. Rev. Stat. 1951." These questions, however, were not raised in the circuit court; they, therefore, cannot now be raised here. (*Department of Finance v. Schmidt,* 374 Ill. 351, 29 N.E.2d 530; *Yellen v. Bloom,* 326 Ill. App. 134, 61 N.E.2d 269.) We further believe that the ruling of the trial court was correct, notwithstanding the fact that the questions were not presented to it. A motion to dismiss or to strike a complaint is not a pleading in the cause of such a character requiring a verification under section 35 of the Civil Practice Act (par. 159, ch. 110, Ill. Rev. Stat. 1951 [Jones Ill. Stats. Ann. 104.035]; *Graff v. Arlington Seating Co.,* 337 Ill. App. 285, 85 N.E.2d 862). The requirement of paragraph 16, being section 2 of "an act in relation to bonds of contractors entering into contracts for public construction" (par. 16, ch. 29, Ill. Rev. Stats. 1951 [Jones Ill. Stats. Ann. 126.321]) hereinafter referred to in more detail, is comparable and similar to section 1—11 of the Revised Cities and Villages Act (par. 1—11, ch. 24, Ill. Rev. Stats. 1951 [Jones Ill. Stats. Ann. 21.1121]) wherein it is provided

in substance that within six months from the date when an injury was received or cause of action accrued, that a person who was about to commence a civil action against 'any municipality for damages must file in the office of the city attorney and of the municipal clerk a statement in writing giving certain details concerning the alleged cause of action. Under such statute the filing of the notice containing the information required by such section is a condition precedent to the maintenance of the cause of action and a complaint which fails to allege the giving of such notice in conformity with the terms of the statute is fatally defective. (*Minnis v. Friend,* 360 Ill. 328, 332; *Walters v. City of Ottawa,* 240 Ill. 259, 263.) The amended complaint in the case at bar failed to allege a compliance with the provisions of said paragraph 16 of chapter 29 and was defective on its face and, therefore, stated no cause of action, providing the cause of action came within the provisions of said paragraphs 15 and 16 relied upon in the motion to strike.

Plaintiff next contends that it was not necessary for it to comply with said par. 16, ch. 29 of the Ill. Rev. Stats. 1951 [Jones Ill. Stats. Ann. 126.321] because that section refers only to bonds complying with the preceding paragraph, being No. 15, and that the defendant's bond was instead a common-law bond.

Paragraph 15 of chapter 29 provides that all political subdivisions of the State in making contracts for public works shall require every contractor to furnish a performance bond which "among other conditions, shall be conditioned for the payment of material used in such work and for all labor performed in such work, whether by subcontractor or otherwise.

"Each such bond shall be deemed to contain the following provisions whether such provisions be inserted in such bond or not:

403

" 'The principal and sureties on this bond agree to pay all persons, firms and corporations having contracts with the principal or with subcontractors, all just claims due them under the provisions of such contracts for labor performed or materials furnished, in the performance of the contract on account of which this bond be given.' "

Paragraph 16 provides that every person furnishing material or performing labor as a subcontractor with any political subdivision of the State where a bond has been executed as provided in the Act shall have a right to sue thereon provided that "any person having a claim for labor, and material as aforesaid shall have no such right of action unless he shall have filed a verified notice of said claim with the officer, board, bureau or department awarding the contract, within 180 days after the date of the last item of work or the furnishing of the last item of materials." The paragraph further provides that the claim shall be verified and shall contain the name and address of the claimant, his or its business address, the name of the contractor, the amount of the claim, a description of the public improvement sufficient for identification, and certain other information.

There is no allegation in the complaint that the plaintiff in any wise met the conditions set forth in paragraph 16 and for this reason the circuit court dismissed its amended complaint.

■ We are of the opinion the decision of the circuit court was correct. The bond in question is conditioned that "The principal shall promptly make payment to all persons supplying labor and material in the prosecution of the work provided for in said contract . . . ." Such condition, in our opinion, fully complies with the statute in that it assures payment for all materials used and all labor performed, whether by subcontractor or otherwise, in the public work. It

404

therefore differs in at least two material respects from the bond construed by us in *Laclede Steel Co. v. Hecker-Moon Co.,* 279 Ill. App. 295. In the first place, the condition of the bond in that case excluded suppliers of labor and materials to subcontractors protecting only suppliers of the contractor alone and even subordinating his rights to those of the political subdivision. Moreover, the cause of action in the *Laclede* case arose and the cause was finally decided by this court prior to 1941. Paragraph 15 was amended by an Act approved June 15, 1941, whereby the last two paragraphs of that section above quoted were added. They in substance provide that all such performance bonds should be deemed to contain the provisions that the principal and sureties agree to pay all those having contracts with the principal or subcontractors all just claims due them, whether such provision be inserted in the bond or not. The *Laclede* case has no application here.

■ Since defendant's bond by force of the provisions thereof and by force of the amendment to paragraph 15 approved July 15, 1941 complied with the statute and was a performance bond thereunder, plaintiff should have given the notice in conformity with the statute and alleged in its amended complaint performance of the condition precedent (See *E. I. Du Pont de Nemours & Co. v. McKay Engineering & Construction Co.,* 297 Ill. App. 495, 18 N.E.2d 64).

We have considered the other questions raised by the appellant and find that they are without substance.

The judgment of the circuit court of Vermilion county is affirmed.

*Judgment affirmed.*