City of DeKalb, for the Use and Benefit of International Pipe and Ceramics Corporation, a Delaware Corporation, and International Pipe & Ceramics Corporation, a Delaware Corporation, Plaintiffs-Appellees, Cross-Appellants, v. M. M. Sornsin, d/b/a M. M. Sornsin Co., Defendant and New Amsterdam Casualty Company, a Corporation, Defendant-Appellant, Cross-Appellee.

Gen. No. 11,834.

Second District.

February 24, 1964.

Dent, Hampton & Doten, of Chicago, and Downey, Laying, Anderson & Martenson, of Rockford, for appellant.

Liebling, Adelman, Watson & Bernstein, all of Chicago, and Lloyd J. Tyler, Jr., of Aurora (Harry Adelman, Lloyd J. Tyler, Jr., and Michael P. Myers, of counsel), for appellees.

CARROLL, J.

This is an action at law brought by a subcontractor to recover an unpaid balance due it for materials furnished to and used by a contractor in the construction of a certain public improvement for the City of De-Kalb.

On March 11, 1957 M. M. Sornsin d/b/a M. M. Sornsin Co. (referred to herein as Sornsin), entered into a contract with the City of DeKalb for the construction of a storm sewer addition. Pursuant to Paragraphs 15 and 16, Chap 29, Illinois Revised Statutes 1957, Sornsin executed and delivered to the City of DeKalb a performance bond dated March 11, 1957 with New Amsterdam Casualty Co. as surety, a condition of said bond being prompt payment by the principal to all persons supplying labor or materials for use in the prosecution of work or performance of Sornsin's contract with DeKalb. Lock Joint Pipe Co. (herein referred to as Lock Joint) and whose successor is National Pipe and Ceramic Corporation, furnished materials to Sornsin which were used in performance of his contract. Sornsin failed to pay Lock Joint the balance due for such materials amounting to $70,964.26. The last delivery of materials by Lock Joint was made some time prior to November 14, 1957 and on or prior to that date all work provided to be done by Sornsin under the contract was completed and the improvement turned over to DeKalb which thereupon took possession of the same. Final payment on the contract pursuant to the engineer's final certificate was made February 14, 1959. On July 30, 1959, which was more than 180 days after the furnishing of the last item of materials, Lock Joint filed a verified notice of its claim on the contractor's bond with the mayor, clerk and treasurer of DeKalb.

This suit was filed June 23, 1959 more than 18 months after Sornsin completed his work, and more

162

than 6 months after issuance of the engineer's final estimate and the making of the final payment on the contract. On August 26, 1959, plaintiff filed an amended complaint in three counts. The trial court granted plaintiffs' motion for summary judgment on Count 2 and entered judgment in its favor for the balance due Loek Joint plus interest at five per cent from February 16, 1959. Defendant's motion for summary judgment on each of the three counts of the amended complaint was denied. Defendant has prosecuted this appeal from the judgment entered on Count 2 and plaintiff has cross-appealed from the portion of its judgment allowing interest from February 14, 1959 to May 17, 1963. Defendant also appeals from the order denying its motion.

It is alleged in Count 2 that the bond executed and delivered by Sornsin with New Amsterdam Casualty Co. as surety is deemed to contain the following provisions of Sections 15 and 16, Chap 29, Illinois Revised Statutes, 1957.

> "The principal and sureties on this bond agree to pay all persons, firms and corporations having contracts with the principal or with subcontractors, all just claims due them under the provisions of such contracts for labor performed or materials furnished, in the performance of the contract on account of which this bond is given, when such claims are not satisfied out of the contract price of the contract on account of which this bond is given, after final settlement between the officer, board, commission or agent of the State or of any political subdivision thereof and the principal has been made."

It is further alleged in said count that it is a proceeding instituted pursuant to the provisions of Section 15, Chap 29, Illinois Revised Statutes 1957. Count 2

contains no allegations with reference to the date upon which Lock Joint last furnished materials or that it filed a verified notice of its claim for material within 180 days after such date or dates, and it is not alleged in said count that plaintiff's action is brought within six months after acceptance of the project by DeKalb. It is thus apparent that in Count 2 plaintiff has proceeded upon the theory that an action may be predicated on the provisions which a contractor's bond is deemed to contain by force of Section 1 of the Act (referred to as Section 15) relating to bonds of contractors entering into public improvement contracts without alleging performance of the conditions precedent to an action on such a bond as set out in Section 2 (referred to by plaintiff as Section 16) of said Act. Defendant contends that plaintiff cannot recover on the bond in this case because it has not met the conditions precedent set forth in the Act in that (1) it failed to file a verified notice of its claim with DeKalb within 180 days after the date of the last furnishing of material as required by said Act and (2) it did not bring its suit within six months after acceptance of the improvement by DeKalb which is the time limitation placed on such a suit by the Act.

The Act under which this suit is brought was enacted in 1931 and is entitled "An Act in relation to bonds of contractor's entering into contracts for public construction." It consists of two sections. Section 1 (par 15 of c 29, Rev Stats) as originally enacted provided that officials, boards, commissioners, or other agents in making contracts for public work of any kind shall require the general contractor to furnish a bond which "shall be conditioned for the payment of material used in such work and for all labor performed in such work, whether by subcontractor or otherwise." By amendment in 1941 there was added to Section 1 the provision which was set out in Count

164

2 of the amended complaint and which we have quoted verbatim herein. Section 2 of the Act as amended (par 16, c 29, Rev Stats) insofar as pertinent here provides that:

"Every person furnishing material or performing labor, either as an individual or as a subcontractor for any contractor, with the State, or a political subdivision thereof where bond shall be executed as provided in this Act, shall have the right to sue on such bond in the name of the State, or the political subdivision thereof entering into such contract, as the case may be, for his use and benefit, and in such suit the plaintiff shall file a copy of such bond, certified by the party or parties in whose charge such bond shall be, which copy shall, unless execution thereof be denied under oath, be prima facie evidence of the execution and delivery of the original; provided, however, that this Act shall not be taken to in any way make the State, or the political subdivision thereof entering into such contract, as the case may be, liable to such subcontractor, materialman or laborer to any greater extent than it was liable under the law as it stood before the adoption of this Act . . . Provided, further, that no action shall be brought until the expiration of one hundred and twenty (120) days after the date of the last item of work or the furnishing of the last item of materials, except in cases where the final settlement between the officer, board, bureau or department of municipal corporation and the contractor shall have been made prior to the expiration of the one hundred and twenty (120) day period in which case action may be taken immediately following such final settlement; nor shall any action of any kind be brought later than six (6) months after the acceptance by the State or political subdivision

165

thereof of the building project or work. Such suit shall be brought only in the circuit court of this State in the judicial district in which the contract is to be performed."

■ It is undisputed that the bond upon which this suit is brought was furnished pursuant to the Act. It is so alleged in Count 2 of the amended complaint. It was a contractor's bond upon which an action may be brought by virtue of Section 2 of the Act and no action could be maintained thereon except as provided in said Section 2. The only right to sue upon such a bond is that created by Section 2. Such Section plainly states that where a bond is furnished "as provided in this Act" there is a right to sue on such bond provided certain conditions are met. The provision added by the 1941 amendment creates no right of action on a contractor's bond and does no more than spell out the condition upon which it is given. The right of a person furnishing material or performing labor for a general contractor to bring suit on such a bond is authorized by Section 2 of the Act. Under Section 2 the filing of a notice of the claim sought to be enforced with the public body within 180 days of the furnishing of the last material or labor and the commencement of the suit not later than six months after acceptance of the construction project by the public body are conditions precedent to the right to maintain an action under the Act. In the case at bar the plaintiff failed to comply with these conditions. Since plaintiff sued upon a statutory bond executed pursuant to the requirements of the Act relating to such a bond, its right to sue arises under and is subject to the conditions and limitations imposed by said Act. Plaintiff failed to meet such conditions and limitations and as a result is precluded from recovery on the bond in question. McWane Cast Iron

166

Pipe Co. v. Aetna Casualty & Surety Co., 3 Ill App2d 399, 122 NE2d 435 (Third District, 1954).

■ In the McWane case, plaintiff furnished materials to a contractor on a public construction project. Suit was brought on the contractor's performance bond which was given pursuant to the provisions of the statute. The complaint failed to allege that plaintiff complied with the conditions specified in Section 2 of the Act. The trial court sustained a motion to dismiss grounded on such failure. In affirming the trial court's action the Appellate Court said:

> "Paragraph 16 provides that every person furnishing material or performing labor as a subcontractor with any political subdivision of the State where a bond has been executed as provided in the Act shall have a right to sue thereon provided that 'any person having a claim for labor, and material as aforesaid shall have no such right of action unless he shall have filed a verified notice of said claim with the officer, board, bureau or department awarding the contract, within 180 days after the date of the last item of work or the furnishing of the last item of materials.' The paragraph further provides that the claim shall be verified and shall contain the name and address of the claimant, his or its business address, the name of the contractor, the amount of the claim, a description of the public improvement sufficient for identification, and certain other information.

> "There is no allegation in the complaint that the plaintiff in anywise met the conditions set forth in paragraph 16 and for this reason the circuit court dismissed its amended complaint. . . . Since defendant's bond by force of the provisions thereof and by force of the amendment

167

to paragraph 15 approved July 15, 1941 complied with the statute and was a performance bond thereunder, plaintiff should have given the notice in conformity with the statute and alleged in its amended complaint performance of the condition precedent (see E. I. Du Pont de Nemours & Co. v. McKay Engineering & Construction Co., 297 Ill App 495, 18 NE2d 64)."

It is to be noted that McWane was decided in 1954 and after the 1941 amendment which added the provision that all performance bonds furnished on public construction should be deemed to contain the provision set out in Count 2 of the amended complaint, and was decided prior to the 1957 amendment to the Act. It thus appears that the legislature amended the Act subsequent to a judicial determination that filing of a notice of a claim within 180 days after the date of the last item of work or the furnishing of the last item of materials was a condition precedent to the maintenance of an action on any such bond taken pursuant to the Act without eliminating or changing the 180-day notice provision. As a result of retention by the legislature of the 180-day notice provision in the Act as amended in 1957, and since no contrary intent was expressed it is presumed that the lawmaking body adopted the prior judicial construction placed upon such provision, and such construction became part of the Act. The rule to which we refer is stated in People v. Wiersema State Bank, 361 Ill 75, 197 NE 537 where the court said:

"The general rule is, that where terms used in the statute have acquired a settled meaning through judicial construction and are retained in subsequent amendments or re-enactments of the statute, they are to be understood and interpreted in the same sense theretofore attributed to them by the

168

court unless a contrary intention of the legislature is made clear. The judicial construction becomes a part of the law, and it is presumed that the legislature in passing the law knew such construction of the words in the prior enactment. (Village of Glencoe v. Hurford, 317 Ill 203; People v. Illinois Central Railroad Co., 314 id. 373.)"

A like statement is found in Gaither v. Lager, 2 Ill2d 293, 118 NE2d 4.

It is contended by plaintiff that the provisions of the Act requiring a verified notice of claim to the public body within 180 days after furnishing of the last materials and the further provision requiring that suit be brought within six months after acceptance by the public body are not applicable to his claim. The argument urged in support of such proposition is that plaintiff is afforded a remedy under Section 1 which is separate from and independent of that provided under Section 2; that plaintiff's action was brought under Section 1 of the Act; and that therefore he was not required to show compliance with the conditions precedent specified in Section 2. We think the weakness of plaintiff's argument is demonstrated by the mere fact that amended Section 1 makes no reference directly or indirectly to remedies. The fact that the bond in question contains a statutory condition does not change the character of the bond or confer a right of action thereon in addition to that provided by Section 2 of the Act. Section 1 requires the giving of a bond and details the conditions thereof. The amendment states only that one of the conditions of such a bond is that the principal and sureties agree after final settlement between the public body and the contractor to pay claims not satisfied out of the contract price. It does not modify the conditions under which an action can be brought as specified in Sec-

169

tion 2, and is wholly unrelated to the remedial procedures prescribed by said section. Section 1 requires the giving of but one bond. Sornsin furnished such a bond. The Act provides for the procedure which must be followed by a person seeking to enforce liability under the bond which a contractor must give. Such procedure is specifically detailed in plain language in Section 2 of the Act. The difference between the two sections of the Act is that Section 1 is devoted exclusively to the conditions of the bond, while Section 2 deals with recovery thereunder.

The plaintiff relies solely on Board of Education, Northfield Tp. High School Dist. No. 225, Cook County for Use of Palumbo v. Pacific Nat. Fire Ins. Co., 19 Ill App2d 290, 153 NE2d 498 (decided by the First District in 1958), which is referred to in the briefs as the "Palumbo" case. In that case, Jacobson Brothers Co. contracted with a Board of Education in 1952 to build a public high school. Pursuant to the statute Jacobson executed a bond with surety conditioned upon prompt payment by Jacobson of all persons supplying labor and materials for use in the prosecution of the work. Jacobson went bankrupt leaving an unpaid balance owing to Palumbo for excavating work. Palumbo brought suit on Jacobson's bond to recover the unpaid balance. He filed a verified notice of claim with the public body but did so 180 days after the last labor or materials were furnished. Defendant's motion for summary judgment on the ground that Palumbo had failed to file notice of claim as required by Section 2 of the Act was sustained by the trial court. On appeal the Appellate Court reversed and rejected defendant's contention that failure to comply with Section 2 of the Act precluded recovery on the bond given by Jacobson pursuant to Section 1 of the Act. In its opinion the court held that the provision of Section 1 which each contractor's bond

is deemed to contain was intended to give a right of action to unpaid subcontractors and materialmen after final settlement even though they have not complied with the provisions of Section 2. The reasoning assigned for such conclusion is that the two sections of the Act provide separate remedies and that the limitations of Section 2 do not apply to an action brought under Section 1 after final settlement. However it should be pointed out that the court overlooked the important fact that Section 1 contains no provision which gave Palumbo the right to sue on the bond furnished to the public body. The fact that the Section 1 provision recites that the principal and surety on the bond agree to pay all unsatisfied claims after final settlement is in no way related to a subcontractor's remedy under such a bond. Recovery on a bond and the conditions or undertakings thereof are two different matters. For the reasons pointed out we are unable to agree with the decision in Palumbo and do not regard it as controlling in the case at bar. Having concluded that the trial court erred in entering judgment for the plaintiff on Count 2 consideration of plaintiffs' cross-appeal is not required. The appeal from the order denying defendant's motion for summary judgment as to all counts of the amended complaint is dismissed.

The judgment of the trial is reversed and the cause remanded to the Circuit Court of DeKalb County for further proceedings consistent with the views herein expressed.

Reversed and remanded with directions.

ABRAHAMSON, P. J. and MORAN, J., concur.