(No. 38589.—

THE CITY OF DEKALB, for the use of INTERNATIONAL PIPE AND CERAMICS CORPORATION *et al.,* Appellants, *vs.* M. M. SORNSIN *et al.,* Appellees.

*Opinion filed January 21, 1965.—Rehearing denied March 18, 1965.*

LIEBLING, ADELMAN, WARSON & BERNSTEIN, of Chicago, and LLOYD J. TYLER, JR., of Aurora, (HARRY ADELMAN and MICHAEL P. MYERS, of counsel,) for appellants.

DENT, HAMPTON & DOTEN, of Chicago, and DOWNEY, LAYING, ANDERSON & MARTENSON, of Rockford, for appellees.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

This action was brought by Lock Joint Pipe Company (its successor being International Pipe and Ceramics Corporation), a materialman herein referred to as plaintiff, against M. M. Sornsin, doing business as M. M. Sornsin

Co., a general contractor, and New Amsterdam Casualty Company as surety on the bond of the general contractor, for pipe sold and used by the general contractor in construction of a storm sewer addition for the city of DeKalb.

A summary judgment motion on count II of the amended complaint was allowed, and judgment of $86,051.44 entered in favor of plaintiff against Sornsin and his surety. The Appellate Court reversed the summary judgment and remanded with directions. 46 Ill. App. 2d 161.

This is a suit on a statutory bond on a public project given in compliance with "An Act in relation to bonds of contractors entering into contracts for public construction" as amended (Ill. Rev. Stat. 1961, chap. 29, pars. 15 and 16). Its determination involves three questions: First, whether the right of a materialman to recover on a public project surety bond after final settlement is limited by the statute so as to require the materialman to file a verified notice of claim with the public body within 180 days after the date of the last work or furnishing of the last item of materials as a condition of recovery. Second, whether section 2, requiring filing of suit on the bond within 6 months after acceptance of the project by the public body, is applicable. Third, if such notice of claim is required and such suit must be brought within 6 months after acceptance of the project, was notice given and suit brought within these statutory requirements?

On March 11, 1957, Sornsin entered into a contract with the city of DeKalb for construction of a storm sewer as a public project. Sornsin as principal and New Amsterdam Casualty Company as surety executed bond in the amount of $147,392.47. Plaintiff furnished materials used by Sornsin in performance of his contract. Sornsin failed to pay for a balance of $70,964.26 of these materials. The last delivery of material by plaintiff was some time prior to November 14, 1957.

The engineer for the city, on November 13, 1958, sent

a letter to the mayor and city council, enclosing a document entitled "Engineer's Payment Estimate No. 9 and Final," which stated that "we now believe this work to be complete"—"this final estimate is presented to the Council subject to the satisfaction of these bills with the understanding that the contractor will furnish Waivers of Lien for all materials and supplies used in connection with this work before he receives final payment on the project." This bill showed a balance due of $16,768.36. The letter and estimate were placed on file by the city council and referred to the finance committee to report back on payment. No other formal acceptance of the work was passed by the council. The city issued its check in payment of the estimate on February 14, 1959, and took a receipt from Sornsin with notation thereon of "Sewer Fund. Final Payment on Contract No. 4, $16,786.36."

Plaintiff filed this suit June 23, 1959, and thereafter on July 30, 1959, filed with the mayor, city clerk and city treasurer a "Notice of Claim on Contractor's Bond."

Defendants contend suit was filed more than 6 months after Sornsin completed his work and after plaintiff furnished its last material, that plaintiff failed to comply with the notice requirement, and that these failures preclude recovery.

Where public works are undertaken, the statutes of this State require the general contractor to furnish a bond "conditioned for the payment of material used in such work and for all labor performed in such work, whether by subcontractor or otherwise." Ill. Rev. Stat. 1957, chap. 29, par. 15.

Section 2 of the act (Ill. Rev. Stat. 1957, chap. 29, par. 16) provides:

"Every person furnishing material or performing labor * * * with the State, or a political subdivision thereof where bond shall be executed as provided in this Act, shall have the right to sue on such bond in the name of the State,

or the political subdivision * * * Provided, however, that any person having a claim for labor, and material as aforesaid shall have no such right of action unless he shall have filed a verified notice of said claim with the officer, board, bureau or department awarding the contract, within 180 days after the date of the last item of work or the furnishing of the last item of materials. * * *

"No defect in the notice herein provided for shall deprive the claimant of his right of action under this article unless it shall affirmatively appear that such defect has prejudiced the rights of an interested party asserting the same.

"Provided, further, that no action shall be brought until the expiration of one hundred and twenty (120) days after the date of the last item of work or the furnishing of the last item of materials, except in cases where the final settlement * * * shall have been made prior to the expiration of the one hundred and twenty (120) day period, in which case action may be taken immediately following such final settlement; nor shall any action of any kind be brought later than six (6) months after the acceptance by the State or political subdivision thereof of the building project or work."

The plain language of the statute requires a verified notice of claim to be given within 180 days after the last item of work or furnishing of the last item of materials. The provisions of section 2 do not require the furnishing of a bond different or separate from the provisions of section 1. The language of section 2 several times refers to "such bond." Section 2 of the act can only refer to the bond provided for in section 1. Thus, the restrictions in section 2 limit the bond provided for in section 1. The only right of action on the bond is that set forth in section 2, and the restrictions of section 2 must apply to the bond provided for in section 1. This requires that a verified notice of claim be filed with the officer, board, bureau or department

within 180 days after the date of the last item of work or furnishing of materials. The contention that the requirement of such notice does not apply where the suit is brought after final settlement has no basis in any language in the statute. The provisions of section 2 of the act apply whether suit is brought before or after final settlement.

Likewise, the 6 months' limitation for filing suit is applicable to a suit on a bond given under section 1 of the act whether suit is brought before or after final settlement, for the same reasons as make the notice provision applicable.

In this case, Sornsin, the general contractor, completed all work prior to November 14, 1957. On November 13, 1958, the final estimate was presented. On April 16, 1958, which was less than 180 days of the completion of the work, claimant sent a letter to the bonding company enclosing claims for material furnished by him on this and other jobs. On the day following, the bonding company acknowledged receipt of the claim. Subsequently, but long after the 180-day period, notice was filed with the city on July 30, 1959.

In our opinion, the letter to the bonding company was a substantial compliance with the statutory notice requirement, as such requirement could be only for the protection of the bonding company. Failure to notify the city within the strict language of the statute did not prejudice the rights of the bonding company. The legislature did not intend to work a hardship or injustice by requiring notice, as is shown by its further provision that no defect in the notice shall deprive the claimant of his right of action, unless it prejudices the rights of an interested part.

Whether suit was filed within 6 months after acceptance of the project by the public body is more difficult. The work was completed on November 14, 1957, but no final estimate was presented until November 13, 1958, and no action appears to have been taken on such final estimate until final payment was made on February 14, 1959. Suit was com-

menced June 23, 1959, within 6 months of the final payment. The contract between the city (as owner) and claimant, provided: "The contract shall be deemed as having been fully accepted by the owner when its governing body, by formal resolution, accepts the work." No formal resolution of acceptance was ever adopted by the city.

While the statute does not specify what constitutes acceptance of the project, the parties by contract agreed upon a formal resolution as acceptance. This provision fixed a definite manner of a public record as clearly ascertaining objectively when acceptance was to take place. While under some circumstances possession and use of a public project might constitute acceptance, the long time elapsing here between the performance of the last work and final payment indicates "acceptance", within the statutory meaning, was not coincidental with possession. We are of the opinion that the contract definition governs, and that, under it the suit was commenced within proper time, as there has never been a formal resolution accepting the project. Hence, the Appellate Court erred in reversing and remanding the judgment of the trial court and the judgment of the trial court for plaintiff against Sornsin and his surety should be reinstated.

The trial court allowed interest on the judgment from the date of final payment to the contractor. Plaintiff contends that interest should be allowed from the date of its demand upon the surety, and the surety contends it should run from the date of final judgment. Plaintiff filed a cross-appeal from the trial court's judgment as to interest. The Appellate Court did not pass on this question. Thus, the case must be remanded to the Appellate Court for decision on this issue.

> *Appellate Court reversed,*
> *trial court affirmed in part,*
> *and cause remanded to Appellate Court,*
> *with directions.*