LUDWIG OPALKA, Plaintiff and Counterdefendant-Appellee, *v.* GEORGE YELLEN, Defendant and Counterclaimant-Appellant.

(No. 56447;

First District (4th Division)—September 26, 1973.

*Rehearing denied October 24, 1973.*

George Yellen, *pro se.*

Pretzel, Stouffer, Nolan & Rooney, of Chicago, (Robert M. Leone, Joseph B. Lederleitner, and Daniel E. Wanat, of counsel,) for appellee.

Mr. JUSTICE ADESKO delivered the opinion of the court:

Plaintiff, Ludwig Opalka, instituted a complaint in Chancery for accounting, alleging that in the Fall of 1964, defendant, George Yellen, undertook to represent him in a certain business transaction involving the purchase of real estate on the southwest corner of Michigan Avenue and Madison Street in Chicago, Illinois. The complaint alleged that $27,500 delivered by plaintiff to defendant was being held by the proposed seller or his agent; that after repeated demands for the return of the money, defendant delivered to plaintiff a purported assignment of a second mortgage on the premises at 5912-20 N. Paulina Street, Chicago, Illinois, which mortgage was in default and said real estate was in foreclosure of the first mortgage thereon. Plaintiff prayed that the trial court impress a constructive trust or equitable lien upon the funds in the hands of the defendant in the sum of $27,500 plus interest; that the defendant account for use he made of the money and the profits and benefits derived therefrom; and for punitive damages in the sum of $50,000.

On March 26, 1971, defendant moved to strike the complaint which was denied on April 7, 1971. On the same day defendant filed a counterclaim alleging that plaintiff asked defendant to sell certain real estate at Huron, Wells and Erie streets in Chicago, Illinois, allegedly owned by plaintiff; that eventually on July 30, 1968, an escrow agreement was entered into; that defendant arranged for mortgage financing and for a zoning change to permit the construction of a multi-story high rise store and apartment building on said premises but that the plaintiff after agreeing at first later refused to allow the trustee, who held title to said real estate, to execute the mortgage papers; and that defendant counterclaimant was to be paid the sum of $80,000 which he is claiming from the counterdefendant.

In his answer to plaintiff's complaint, defendant stated that $27,500 was turned over to one Gerald E. Hausen by the defendant at plaintiff's request; that after Hausen's death defendant advised plaintiff to collect said money from Hausen's estate; and that plaintiff's prayer for relief be denied.

The trial court dismissed the counterclaim and the amended counterclaim, as amended, filed thereafter. The counterdefendant elected to stand thereon. The dismissal was made final and with prejudice, the trial court expressly finding that there was no just cause to delay enforcement or appeal of the dismissal of the amended counterclaim as amended.

■■ We agree with the ruling of the trial court and find it to be proper. The counterclaim and the amended counterclaim as amended are not equitable. Although the prayer seeks a decree, the relief requested is for

damages for loss of an alleged finder's fee. The defendant counterclaimant was not a licensed real estate broker, nor was he representing the counterdefendant as his attorney and therefore not entitled to demand any kind of compensation from the crossdefendant. Changing his status of a "finder" and later to "promoter" does not help the crosscomplainant. It is apparent that he spent much time and effort in attempting to bring about some sort of real estate transaction, but unfortunately he volunteered his services in an enterprise that was not completed.

■■ Counterclaimant also argued that the motion to strike the amended counterclaim as amended was not under oath. It has been held that a motion to strike a complaint need not be verified. In *McWane v. Vast Iron Pipe Co.*, 3 Ill.App.2d 399, 122 N.E.2d 435 (1954), it was held that: "A motion to dismiss or to strike a complaint is not a pleading in the cause of such a character requiring a verification under Section 35 of the Civil Practice Act (par. 159, ch. 110, Ill. Rev. Stat. 1951 * * *).

Counterclaimant changed his status from that of a "broker" in the counterclaim to that of a "finder" in the amended counterclaim, and then to a "promoter" in the counterclaimant's reply. Whatever status he assumed, his amended counterclaim fails to state a cause of action at law. It does not contain the "buy" and "sell" agreement. It refers to an escrow agreement in which the alleged seller must produce $20,000 but the purchase money was never deposited by the purchaser in said alleged escrow and the terms of the "buy" and "sell" agreement could not be carried out by the escrow because they were unknown. The deal was not consummated but the counterplaintiff claims that he is entitled to $80,000 finder's fee, not from the bank which was supposed to have loaned the money, but from the seller who denied that he engaged the counterclaimant.

The alleged escrow was dated July 30, 1968. On August 5, 1968, counterclaimant George Yellen wrote counterdefendant the following letter:

"To: Mr. Ludwig Opalka                                    August 5, 1968
100 W. Monroe St.
Chicago, Illinois

Confirming our agreement, please be advised that I am not charging any fees to you in sale of Real Property re Huron, Wells and Erie St., Chicago, Illinois, and will not in future make any charges to you either on said sale or on Escrow with Chicago Title & Trust Company, No. 313954, made July 30, 1968.
                                                       (signed) George Yellen"

Having considered the briefs of the parties and the record of this appeal, we affirm the judgment of the trial court.

Judgment affirmed.

BURMAN, P. J., and DIERINGER, J., concur.