LUDWIG OPALKA, Plaintiff and Counterdefendant-Appellee, *v.* GEORGE YELLEN, Defendant and Counterclaimant-Appellant.

(Nos. 59095, 59680 cons.;

First District (4th Division)—August 13, 1975.

George Yellen, *pro se.*

Joseph B. Lederleitner, of Pretzel, Stouffer, Nolan & Rooney, Chtd, of Chicago, for appellee.

Mr. JUSTICE ADESKO delivered the opinion of the court:

Plaintiff, Ludwig Opalka, instituted a complaint in Chancery for an accounting, alleging that in the fall of 1964, defendant, George Yellen, undertook to represent him in a certain business transaction involving the purchase of real estate on the southwest corner of Michigan Avenue and Madison Street in Chicago, Illinois; that $27,500 delivered by plaintiff to defendant was being held by the proposed seller or his agent; and that after repeated demands for the return of the money, defendant delivered to plaintiff a purported assignment of a second mortgage on the premises at 5912-20 N. Paulina Street, Chicago, Illinois, which mortgage was in default and said real estate was in foreclosure of the first mortgage thereon. Plaintiff prayed that the trial court impress a constructive trust or equitable lien upon the funds in the hands of the defendant in the sum of $27,500 plus interest; that the defendant account for use he made of the money and the profits and benefits derived therefrom; and that punitive damages be awarded in the sum of $50,000.

On March 26, 1971, defendant filed a counterclaim which plaintiff answered. The trial court dismissed the counterclaim and the amended counterclaim, as amended, filed thereafter. We affirmed the dismissal for reasons set forth in our prior decision, *Opalka v. Yellen* (1973), 14 Ill. App.3d 779, 303 N.E.2d 265.

In his answer, filed May 5, 1971, to plaintiff's complaint, defendant stated that $27,500 was turned over to one Gerald E. Hausen by the defendant at plaintiff's request; that after Hausen's death, defendant advised plaintiff to collect said money from Hausen's estate; and that plaintiff's prayer for relief be denied.

On September 25, 1972, plaintiff filed a motion for summary judgment "on the grounds that the pleadings, depositions, affidavits and other facts appearing of record there is no triable issue of fact as to defendant's liability to the plaintiff in constructive trust and fraud in that it is admitted or uncontradicted that:

"(1) The Defendant, a lawyer, acquired Twenty-Seven Thousand Five Hundred ($27,500.00) Dollars from the Plaintiff during a relationship of trust and confidence;

(2) That the defendant used representations which he knew or should have known were false and which were intended to induce the Plaintiff to part with his money;

(3) The Plaintiff relied upon the representations of the Defendant not knowing their falsity;

(4) The Plaintiff has been damaged by the loss of his money and the Defendant has been unjustly enriched by keeping Plaintiff's money falsely acquired."

In his answer to plaintiff's motion for summary judgment, defendant did not deny that he received $27,500 from the plaintiff. Defendant did deny, however, paragraphs 2, 3 and 4 of plaintiff's motion. In addition, defendant alleged that $27,500 was turned over to one Gerald E. Hausen by the defendant at plaintiff's request; that after Hausen's death, defendant advised plaintiff to collect such money from Hausen's estate; and that plaintiff refused to proceed with the collection of the funds from Hausen's estate.

On February 27, 1973, plaintiff's motion for summary judgment was granted. A decree was entered imposing a constructive trust upon funds in the hands of the defendant in the sum of $27,500 plus interest. It was further decreed that defendant make restitution to plaintiff in the sum of $27,500 plus interest. Execution issued and was served against defendant to enforce the decree of February 27, 1973. A citation to discover assets was issued and served on defendant and required his appearance on March 30, 1973. Defendant failed to appear; therefore, the same was reset for April 5, 1973. Defendant petitioned for a change of venue on April 5, 1973. On April 12, 1973, defendant's petition for a change of venue was denied and hearing on plaintiff's citation to discover assets was continued. On April 25, 1973, defendant refused to produce his records and to answer any questions asked of him required by the citation issued and served upon the defendant to discover assets. The defendant, therefore, was held in contempt of court and fined $1000. Defendant appeals from the decree and contempt order.

Defendant contends on appeal that:

> (1) Summary judgment was inappropriate because there were issues of fact in conflict; and

> (2) Defendant's petition for a change of venue was improperly denied.

Defendant does not directly challenge the trial court's finding of contempt. He asserts, rather, that "once the petition [for a change of venue] was filed the Court is [*sic*] without further power to enter any order [*e.g.*, contempt] except allowing the change of venue."

■■ Section 57(3) of the Civil Practice Act states in part:

> "The judgment or decree sought [by summary procedure] shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment or decree as a matter of law." (Ill. Rev. Stat. 1971, ch. 110, par. 57(3).)

Mere allegations or denials in pleadings which are controverted by affidavit made in compliance with the rule are insufficient to create a

genuine issue as to a material fact. *St. Louis Fire & Marine Insurance Co. v. Garnier* (1960), 24 Ill.App.2d 408, 416, 164 N.E.2d 625, 630.

Applying these rules to the instant case and after a careful examination of the file which was before the trial court on the motion for summary judgment, this court believes that "no genuine issue as to any material fact" was present for trial. Only questions of law were present and entry of summary decree for plaintiff was proper. Plaintiff supported his motion with numerous affidavits and other pertinent papers, including a written agreement between the parties which defendant admitted he signed, whereas defendant rested on mere allegations and denials in his pleadings.

■■ Defendant's second contention is wholly frivolous. A petition for a change of venue must be made at the earliest practical moment. Petitions delayed until after the trial judge has by his rulings passed upon substantive issues come too late. "[T]he requirement of 'earliest practical' filing is designed to preclude counsel from first ascertaining the attitude of the court on a hearing relating to some of the issues of the case, and then, if the court is not in harmony with counsel's theory, to assert the prejudice of the court as ground for a change of venue." (*People v. Lawrence* (1963), 29 Ill.2d 426, 428, 194 N.E.2d 337, 338.) In the instant case, the petition came after the trial court had dismissed defendant's counterclaim and amended counterclaim as amended, and after the trial court had granted plaintiff's motion for summary judgment and a decree was entered thereon. This is precisely the kind of situation which the "earliest practical filing" rule is designed to prevent. The trial court had "made [rulings] of substance which manifested a judicial disposition contrary to the interests of [defendant]." (*Lo Piccolo v. Department of Registration & Education* (1972), 5 Ill.App.3d 1077, 1084, 284 N.E.2d 420, 424.) We hold, therefore, that the trial court properly denied defendant's petition for a change of venue. In addition, it necessarily follows that defendant's contention that the trial court did not have the power to enter the contempt order against defendant must also fall.

In view of the foregoing, we affirm both the decree and the order of contempt entered against defendant by the Circuit Court of Cook County.

Affirmed.

BURMAN and JOHNSON, JJ., concur.