**VILLAGE OF CRAINVILLE, ILLINOIS, a Municipal Corporation of the State of Illinois, for the use and benefit of Pipe & Valve Supply Co., an Illinois Corporation, Plaintiffs,**

v.

**ARGONAUT INSURANCE COMPANY, a corporation, Defendant.**

Civ. No. 74–34–B.

United States District Court, E. D. Illinois.

May 24, 1976.

12

Goldenhersh & Goldenhersh, Belleville, Ill., for plaintiffs.

Bernard A. Reinert, Kenney, Leritz & Reinert, St. Louis, Mo., W. A. Armstrong, Mitchell & Armstrong, Ltd., Marion, Ill., for defendant.

JUERGENS,* Senior District Judge.

### MEMORANDUM AND ORDER

In support of its motion to dismiss, defendant raises two pertinent points; first, that this Court lacks jurisdiction of the subject matter for the reason that the cause was originally brought in an improper circuit court, and, second, that the complaint shows on its face that notice, as required by Chapter 29, § 16 of the Illinois Revised Statutes, was not given.

This action is brought by the Village of Crainville, Illinois, a municipal corporation of the State of Illinois, for the use and benefit of Pipe & Valve Supply Co., an Illinois corporation (hereinafter "use plaintiff"), and is an action on a bond which was supplied to the Village of Crainville, which, generally stated, guarantees performance and payment of claims and liens incurred on a municipal water and sewer system being constructed for the Village.

The complaint was filed in this case in the Circuit Court of St. Clair County, Illinois. The Village of Crainville for which the project was being performed is located in Williamson County, Illinois. The action is brought on a bond required by Sections 15 and 16 of Chapter 29, Ill.Rev.Stat.

Section 16 provides in pertinent parts as follows:

"Every person furnishing material or performing labor, either as an individual or as a sub-contractor for any contractor, with the State, or a political subdivision thereof where bond shall be executed as provided in this Act, shall have the right to sue on such bond in the name of * * the political subdivision * * * entering into such contract, * * * for his use and benefit, * * *. Provided, however, that any person having a claim for labor, and material as aforesaid shall have no such right of action unless he shall have filed a verified notice of said claim with the officer, board, * * * awarding the contract, within 180 days after the date of the last item of work or the furnishing of the last item of materials. * * *.

\*   \*   \*   \*   \*   \*

" * * * Such suit shall be brought only in the circuit court of this State in the judicial district in which the contract is to be performed. * * *."

With regard to the first point, defendant raises in support of its motion to dismiss the failure to bring the cause in the proper circuit court—neither plaintiffs nor defendant has cited a case directly in point on this

* Senior United States District Judge William G. Juergens of the Eastern District of Illinois is sitting by designation.

particular issue. Defendant does, however, cite *E. I. DuPont De Nemours & Co. v. McKay Engineering & Construction Co., et al., Appeal of U. S. F. & G. Co.*, 297 Ill.App. 495, 18 N.E.2d 64 (1st Dist., 1st Div., 1938). In *DuPont*, plaintiff had brought an action on a surety bond in the Municipal Court of Chicago under a comparable statute which provided, among other things, "[S]uit shall be brought only in the circuit court of this State in the judicial circuit in which the contract is to be performed." The Court there held that the Municipal Court of Chicago did not have jurisdiction.

■ Plaintiff argues, in support of his filing the cause in the Circuit Court of St. Clair County, that it is in the same district as the Circuit Court in Franklin County, namely, the Fifth District. Apparently plaintiff is referring to the Fifth Appellate District. While admittedly the statute is not clear as to what it means by district, this Court does not believe that the statute was meant to provide such a wide range of areas and circuit courts. In this instance, the two circuit courts are not even in the same judicial circuit.

The courts and generally legislative bodies have traditionally sought to keep the areas within which a cause might be tried within due bonds, keeping in mind the convenience of the parties, the witnesses and other relevant factors. The Court does not believe it was the intent of the Legislature of the State of Illinois that a suit of this nature could properly be brought in any circuit court in the Fifth Appellate District merely because the project was located in the appellate district as is contended by the plaintiff. To the contrary, the Court is of the opinion that the Legislature intended that the circuit court having jurisdiction over the particular area in which the work was to be performed should have jurisdiction and did not grant the wide latitude of jurisdiction here alleged by the plaintiff.

The Court finds that the Circuit Court of St. Clair County from which this case was removed did not have jurisdiction of the subject matter of this litigation.

■ With regard to the second point raised by the defendant in support of its motion to dismiss, the complaint shows on its face that notice of the furnishing of goods and materials by plaintiff was not given as required by the statute within 180 days after the last item of work or material was furnished to the project.

As was stated in *City of DeKalb v. Sornsin*, 32 Ill.2d 284, 205 N.E.2d 254, wherein the Court was considering the necessity of giving the 180 day notice:

"The plain language of the statute requires a verified notice of claim to be given within 180 days after the last item of work or furnishing of the last item of materials. * * * The only right of action on the bond is that set forth in section 2, and the restrictions of section 2 must apply to the bond provided for in section 1. This requires that a verified notice of claim be filed with the officer, board, bureau or department within 180 days after the date of the last item of work or furnishing of materials. The contention that the requirement of such notice does not apply where the suit is brought after final settlement has no basis in any language in the statute. The provisions of section 2 of the act apply whether suit is brought before or after final settlement."

In *Sornsin* notice of the claim was given to the bonding company within the time prescribed by statute although the notice was not given to the city as required by the statute. The Court found that the bonding company would not be prejudiced inasmuch as it had received notice which was substantial compliance with the notice requirement. Here there is no showing that any notice was given to any one within the 180 days after use plaintiff supplied the last materials on the project. As a matter of fact, the complaint shows on its face that the last supplies and services performed were well in excess of 180 days.

Use plaintiff argues that the 180-day period does not apply here for the reason that use plaintiff was ready, willing and able to perform at any time during the period of the contract and was still ready, willing and able to perform when it received notice that

14

the prime contractor had finally breached the contract and that notice was given within less than 180 days after receiving such notice. In attempting to support this position, plaintiff cites a number of Miller Act cases, which the Court has examined and finds each is distinguishable from this case on the facts presented there. In any event, the Miller Act is not controlling here for the reason that the action itself is based on the statute of the State of Illinois.

For the foregoing reasons, the Court finds that defendant's motion to dismiss should be allowed and this complaint and cause of action should be dismissed.

IT IS, THEREFORE, THE ORDER of this Court that the complaint and the cause of action be and the same are hereby dismissed.