**Louise S. Van Nortwick, Plaintiff-Appellee, v. John Van Nortwick, Defendant-Appellant.**

**Gen. Nos. 67–3, 67–9.**

Second District.

September 5, 1967.

Reid, Ochsenschlager, Murphy and Hupp, of Aurora, for appellant.

O'Brien, Burnell, Puckett and Barnett, of Aurora, for appellee.

JUDGE BAUER delivered the opinion of the court.

This is an appeal from a ruling of the Circuit Court on a petition for directions filed by the plaintiff-appellee to effectuate a decree of divorce and, in addition, an appeal from a ruling on a cross petition to modify the decree of divorce. The plaintiff's petition asked for directions from the Court with reference to the education of the minor sons of the parties, and the defendant prayed for a reduction of the payments under the decree on grounds of financial inability to comply with the decree.

The record in this case shows that the decree of divorce was entered on behalf of the appellee here in March of 1956, which decree incorporated an agreement between the parties with reference to future education of their minor sons. Pursuant to this provision of the decree, an agreement was reached, after discussion between the parties, with reference to the attendance of the older son at Kent preparatory school.

In 1962 the appellant herein no longer agreed to Kent as an acceptable school. The plaintiff, nevertheless, enrolled the boy in Kent and filed a petition for an order requiring the defendant to pay the expenses at Kent and also to pay the plaintiff attorney's fees. Both requests were granted by the trial court.

On appeal, this court reversed and stated that the plaintiff could not, under terms of decree, unilaterally select a school for the sons and at pages 238 and 239 stated:

"The provision of the original decree concerning the right of the defendant to participate in the choice of schools for the children could be changed only if there had been a relevant change in circumstances since the entry of the original decree. Taylor vs. Taylor, 32 Ill App2d 45, 48, 176 NE2d 640 (1st Dist 1961). In view of what we have stated above, we hold that there had been no such change in circumstances to support a change in the decree." Van Nortwick vs. Van Nortwick, 52 Ill App2d 229.

In event the parties were unable to reach a new agreement, the proper remedy was to seek direction and relief from the court which entered the decree.

Under both the decree and the opinion in the original appeal, we believe it obvious that an attempt to select a school by mutual agreement was necessary (and, originally, such attempts met with success) before either party could request relief.

In the instant appeal, the record discloses that the same problem has arisen, this time concerning both the older son, as to a choice of a college, and the younger son, now a student at Kent.

Taking the problem in reverse order, let us review the record relative to the enrollment of the younger son at Kent:

In November, 1965, the plaintiff began the necessary steps to enroll her son at Kent. In February, 1966, the son was accepted for the fall term, 1966, as a student at Kent. About August 1st, the plaintiff paid one-half of the tuition for the 1966–1967 year. On August 22, 1966, the plaintiff filed her petition in the trial court for directions and her request that the defendant be ordered to pay the expenses for her son at Kent.

■ The testimony of the plaintiff clearly shows that she never discussed the matter with the boy's father prior to the filing of the petition, by which time, of course, the boy was enrolled in Kent and half the tuition was

already paid. The only communication relative to the selection of the preparatory school seems to have occurred in an exchange between the young boy and his father in which the boy expressed a desire to attend Kent and the father expressed a contrary view. All of this is, of course, not particularly relevant since the decree—and common sense—required a joint decision of the parents. It does not contemplate that one parent select a school, enroll the child, pay the tuition, and then present both the court and the other parent with a fait accompli and a request to impose the financial burden on the one who was not consulted. If the plaintiff here seeks to have the sole voice in the selection of the schools her sons shall attend, then she must also accept the burden that goes with such a decision.

The order of the Circuit Court insofar as it requires the defendant to pay the expenses of William Van Nortwick at Kent is reversed.

Now we come to the problem of the older son and the selection of a college for his continuing education. In September 1965, when Thomas was about to enter Stanford University, the parties hereto and their attorneys negotiated an agreement whereby Stanford was agreed upon as an appropriate college for a period of one academic year with two important provisions: the contribution of the father was set at $1,800 and the agreement required another discussion between the parties in June of 1966. No such discussion took place and the petition of August 22, 1966, recites a prayer that the court select Stanford for Thomas. As a matter of fact, the young man was already preenrolled for the year 1966–1967 at that institution.

The plaintiff seems to assume that the obligation is upon the defendant to initiate discussions relative to the education of the minor children, and, if he does not, the plaintiff is free to make a unilateral decision and the

58

respondent is then required to pay the expenses and tuition as set forth in the decree. The decree and logic dictate otherwise: The mother has the custody of the boys and is responsible for guiding their care and education, subject only to working towards an agreement with the father of the boys on the place of such education. It is her place, not his, to initiate such discussions.

■ For the same reasons heretofore stated the order with reference to William Van Nortwick's expenses at Stanford is reversed. And for the reasons well stated by this court in Van Nortwick v. Van Nortwick, 52 Ill App2d 229, 201 NE2d 857, the order with reference to the award of attorney's fees for the presentation of the plaintiff's petition is also reversed.

■ As to the petition of the defendant to modify the original decree because of his financial problems, the chancellor below denied such petition after careful consideration of the total financial condition of the defendant. It is obvious to this court, as it was to the trial court, that the defendant is still well off financially, whatever his net income for Federal Tax purposes might be.

The portion of the order of the trial court which denied the defendant's petition to modify is therefore affirmed. As an incident to this finding, the order awarding the plaintiff attorney's fees in the defense of the petition is also affirmed. Since the order lumped the award of attorney's fees both for the presentation of the plaintiff's petition and the defense of the defendant's petition, this cause is remanded to the trial court with directions to allow and set that portion of the fees reasonably incurred in connection with the defense of the defendant's petition.

Reversed in part, affirmed in part and remanded for further order with directions.

DAVIS, P. J. and ABRAHAMSON, J., concur.