MARY LOUISE FLATLEY, Plaintiff-Appellee, *v.* ROBERT EDWARD FLATLEY, Defendant-Appellant.

Third District No. 75-466

Opinion filed October 14, 1976.

Spector, Taber & Tappa, of Rock Island (F. Jack Nathan, of counsel), for appellant.

Katz, McAndrews, Durkee & Telleen, of Rock Island (Isador I. Katz, of counsel), for appellee.

Mr. JUSTICE STOUDER delivered the opinion of the court:

Plaintiff-appellee, Mary Louise Flatley, petitioned the circuit court of Rock Island County to modify the terms of a decree of divorce awarded to plaintiff in 1974 by the same court. Defendant-appellant, Robert Edward Flatley, also filed a petition seeking to modify the parties' divorce decree. Both petitions were filed in May of 1975 and sought to establish what the other party's reasonable contribution towards their child's college education should be. Defendant's petition was denied and the trial court modified the divorce decree as requested in plaintiff's petition.

A decree of separate maintenance between the parties was entered in August, 1973 and awarded the custody of the minor child, Joan, to the plaintiff and provided for the payment of alimony and child support. Further proceedings culminated in a decree of divorce in May of 1974 in favor of plaintiff. The divorce decree incorporated a property settlement agreement between the parties which in essence provided: (1) The plaintiff was awarded the marital residence and the property in Florida as her own; (2) The defendant was awarded title to the additional real estate located in Moline, Illinois and Davenport, Iowa; (3) The defendant was to pay to plaintiff $100,000 cash; (4) "[t]he defendant shall pay as and for the maintenance of the minor child, Joan, presently in the custody of the plaintiff and living in the homestead with the plaintiff, the sum of $175 per month, and further agrees that said child shall be entitled to continue a college education and that the defendant will contribute to pay towards expense of said child's college education such amounts as may be reasonably fixed by the court hereafter as his fair contribution to said education * * *." Since the parties have agreed that each shall be responsible for Joan's college education, no question is presented here concerning the right of a child who is past the age of majority to parental contribution for a college education absent such an agreement.

At a hearing on both the parties petition to modify the divorce decree, testimony was introduced to establish the respective net worth and income of each of the parties, as well as testimony as to the needs of the child while at college. The divorce decree was then modified as follows: (1) The plaintiff and defendant were each to pay $1,000 which was one-half the tuition at Southern Methodist University in Texas; (2) Defendant was to pay the entire room and board and $175 per month during the academic year; (3) Plaintiff was to pay the Blue Cross-Blue Shield insurance premiums for Joan and provide a home for Joan during vacation or recess periods. The only issue before the trial court and on this appeal concerns the modification of the divorce decree. Defendant urges

numerous grounds to support his contention that the trial court decree was erroneous.

■■ Defendant first contends that he was denied a fair hearing on the petitions to modify because the trial judge did not allow him to testify in his own behalf. It appears from the record that the defendant had been called to the stand by the plaintiff as an adverse witness under section 60 of the Illinois Civil Practice Act. (Ill. Rev. Stat. 1975, ch. 110, par. 60.) Upon the conclusion of defendant's testimony under section 60, the trial judge told the defendant to "[s]tep down Doctor." Shortly thereafter, the trial judge indicated that he could find little fault with the requests as submitted in plaintiff's petition. At no time thereafter did defendant's counsel inform the trial court that he wished to introduce any further evidence nor did he object to the court's deciding the issues without permitting defendant to introduce such evidence. However, defendant's counsel did inquire about certain specific items in the trial judge's rulings. It is upon the foregoing facts that defendant claims he was not afforded an opportunity to be heard and was therefore denied a fair hearing. We are of the opinion that it was not the trial court's actions which resulted in defendant's inability to introduce evidence but rather defendant's own inaction. It was incumbent upon defendant to inform the trial court that he had further evidence to offer. Defendant's failure to do so is fatal to his claim of denial to a fair hearing. We have examined the cases of *Regan v. Regan*, 38 Ill. App. 2d 383, 187 N.E.2d 286, and *Gerst v. Gerst*, 349 Ill. App. 201, 110 N.E.2d 470, cited by the defendant and agree with the propositions of law they contain. However, we find them inapplicable to the facts of the present case.

■■ The trial court's order failed to specify a dollar amount as regarded Joan's room and board while at college and defendant claims this was error. However, testimony at the hearing established that room and board for Joan's first year of college was $1,170. In fashioning a decree of this nature, a trial court in the exercise of its equitable powers, is entitled to impart an ambulatory character to its decree. We agree that even an equitable decree such as this must not be so vague and unspecific as to place the defendant in the unfair position of not knowing the quantity of his obligations. However, here the defendant is already aware of that obligation for Joan's first year of college and during the remainder of Joan's college career reference can be made to the room and board contract in effect for that particular year. Since room and board will most certainly change in each of Joan's college years, a decree specifying a dollar amount would unnecessarily require a new hearing and decree for each of those years. Unlike the defendant in *Stumpfel v. Stumpfel*, 285 Ill. App. 588, 2 N.E.2d 366, the principal case relied upon by defendant, defendant here may refer to independent and readily ascertainable

extrinsic facts to determine the amount of this obligation and we therefore hold that the trial court's decree as to room and board was proper.

■■ Defendant also urges that the trial court erred when it refused to order Joan to spend her personal wealth to help defray the costs of her college education. It appeared that Joan's net worth was approximately $10,000, which had been accumulated primarily from gifts. Plaintiff testified that her net worth was about $240,000 and her adjusted gross income was about $16,000. Defendant testified that his adjusted gross income was approximately $76,000. While defendant's net worth at the time of trial does not appear in the record, at the time of the divorce his net worth had been $400,000. We see little merit in a rule which requires as a matter of law the expenditure by a child of divorced parents of his or her own funds in obtaining a college education. Such a decision is better left to the wisdom and discretion of the trial court after due consideration of the respective net worth, income, and other responsibilities of the parents and of the child. In light of the magnitude of defendant's net worth and more significantly, his income, we can not find the trial court abused its discretion in not ordering Joan to expend her own monies in paying for her college education. We also find significant defendant's agreement to remain responsible for Joan's college education.

Defendant also claims error in the trial court's refusal to order plaintiff to contribute more than one-half of the tuition of Joan's education. In *Plant v. Plant*, 20 Ill. App. 3d 5, 8, 312 N.E.2d 847, 849, the court stated that "contributions to support as between parents should be determined in proportion to their financial ability based on the facts of the individual case." We agree with the rule stated in *Plant* and find it dispositive of the issue before us. The trial court in the present case had before it the respective wealths and incomes of the parties. Plaintiff's contribution to Joan's education was more than one-fourth of defendant's contribution, while plaintiff's adjusted gross income was only about one-fifth of defendant's adjusted gross income. While a precise mathematical formula fails to provide the flexibility that such situations demand, a rule such as the one previously set forth from *Plant* provides a trial court with guidance in determining what the exact contribution of each party should be. The amounts as specified in the modification of the divorce decree were well within the trial court's discretion.

■■ Defendant's remaining contention, that the amounts defendant was ordered to pay were excessive, appears to rest on two subsidiary parts. First, defendant urges that the amounts are excessive in light of Joan's failure to consult defendant as to a choice of college. Second, the defendant contends that the award was excessive because some portion of the child support payments should have been set aside for college in

some type of fund. The first subsidiary contention is lacking in merit and law. Perhaps it is in the best family tradition for a child to seek the counsel of each parent when selecting a college he or she will attend. But as worthwhile as such a tradition might be, it has not attained the status of an absolute duty in Illinois. The case of *VanNortwick v. VanNortwick*, 87 Ill. App. 2d 55, 230 N.E.2d 391, cited by the defendant, evolved upon a property settlement agreement which required a son, who was receiving $180 per month from the father as college expense money, to consult the father but failed to do so. The court elected to follow the decree and held that the mother could not require the father to pay the expenses of her son's schooling. The inapplicability of that case to the present facts is readily apparent. No claim is made here that the college expenditures are unreasonable in light of the parties' ability to pay. The second subsidiary contention, that the award is excessive because a portion of the monthly child support should have been set aside for Joan's college education, is equally without merit. Unless it affirmatively appears in the decree that a portion of the monthly support payment is to be reserved for a college education, no such reservation exists. (*Maitzen v. Maitzen*, 24 Ill. App. 2d 32, 163 N.E.2d 840.) By implying such a reservation at this late juncture, we might well be impounding funds for a college education that were initially intended by the trial court for some other purpose, such as medical care. This we decline to do. For the foregoing reasons the judgment of the circuit court of Rock Island County is, in all respects, affirmed.

Judgment affirmed.

ALLOY, P. J., and BARRY, J., concur.