IRENE KRYPEL, Plaintiff-Appellee, *v.* LEONARD KRYPEL, Defendant-Appellant.

Third District   No. 77-404

Opinion filed November 20, 1978.

Thomas M. Monahan, of Joliet, for appellant.

Kurt A. Leinweber, of Rudman & Sabuco, of Joliet, for appellee.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:

Defendant Leonard Krypel appeals from a post-decree child support order assessing educational expenses of the minor child of plaintiff Irene Krypel and defendant Leonard Krypel. The order appealed from required that Leonard Krypel pay the college expenses for their daughter, Nancy Krypel. Also, in a separate order appealed from, defendant was ordered to pay to plaintiff $1,000 as reasonable attorney's fees for defense of this appeal. Defendant has appealed from both of the orders referred to and they have been consolidated for disposition in this cause.

■■ For the reason that the appeals herein were pending before October 1, 1977, the effective date of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1977, ch. 40, pars. 101 through 802), the appeals in the instant case are governed by the previous Divorce Act (Ill. Rev. Stat. 1975, ch. 40, pars. 1 through 21.4; see Ill. Rev. Stat. 1977, ch. 40, par. 801(d)).

The only issues presented on appeal in this court are (1) whether the trial court abused its discretion in the post-decree order assessing all educational expenses of the minor child of the parties, as against defendant, and (2) whether the trial court erred in assessing plaintiff's attorney's fees for defense of the instant appeal as against defendant.

The parties to this action were divorced on January 21, 1971, and defendant was ordered to pay $21 a week for the daughter of the parties, Nancy Krypel. On March 22, 1977, plaintiff Irene Krypel filed a petition with the circuit court stating that Nancy Krypel had enrolled in a college to study dental hygienics. She also stated that defendant had failed to respond to plaintiff's request for assistance in paying the college expenses of the daughter and in such petition requested the court to order defendant to pay some amount of money toward Nancy's education.

At the hearing on the petition, Nancy, who was 17 at the time, testified that her relations with her father were not good and that she had not consulted with him about her impending college expenses. Nancy stated she had tried to contact her father at his office by telephone during the past two years but that he failed to return her calls usually, and that when he did return the calls he argued with her. Nancy added that her father had not made any efforts to see her during the previous two years.

Nancy also testified that she had discussed her career plans with dentists, hygienists and her high school counselor. She wanted to study dental hygiene and was admitted to the dental hygiene program at St. Teresa College, Winona, Minnesota. Upon completion of that program, Nancy stated she would receive a bachelor's degree. The cost at St. Teresa, not including transportation, clothing, and spending money, was $3,831 per year.

The only other similar program Nancy could have been admitted to in Illinois, she stated, was a two-year program at Prairie State College. To attain a bachelor's degree after this program would take two or three years. She also stated that graduates of the two-year program had less career opportunities and received lower salaries than graduates of St. Teresa. Nancy added that the first two years of the four-year dental hygiene program consist of background science courses, which could be taken at the local Joliet Junior College. Nancy also stated that she worked part time for her mother and that her gross income for 1976 was less than $400.

The record indicated that defendant earns $15,500 a year as a housing evaluator for the City of Joliet. He earned $1,335 in interest paid in 1976 and, also, has various investments and has loaned money to his brother. Defendant said he received a letter from plaintiff's attorney about Nancy's education but that he failed to respond because he feared he would be arrested. Plaintiff Irene Krypel is a self-employed printing shop owner. In 1975, the shop showed a net loss of $500, but in 1976, it showed a net profit of $2,829.84. The plaintiff took her living expenses out of the business. Although plaintiff had talked to defendant during the two years prior to the hearing, plaintiff never talked with defendant about Nancy's educational plans.

The circuit court thereupon ordered defendant to pay the $3,831 to the College of St. Teresa, in three installments, to cover Nancy's expenses for room, board, tuition and fees at the college.

Defendant appeals from the orders of the trial court and contends (1) that the order should be reversed because no one consulted him about the decision to send Nancy to St. Teresa College; and (2) that the order to pay Nancy's educational costs is not reasonable within the meaning of section 18 of the Divorce Act (Ill. Rev. Stat. 1975, ch. 40, par. 19), which authorizes the circuit court to alter allowances for education which are reasonable and proper. In support of this argument that he was not consulted prior to the decision to send Nancy to St. Teresa College and that, therefore, he should not be required to pay for her education, respondent cites *Van Nortwick v. Van Nortwick* (2d Dist. 1964), 52 Ill. App. 2d 229, 201 N.E.2d 857. In that case, a negotiated settlement incorporated in the divorce decree, stated that the husband would pay all the expenses of the children in prep school and that selection of a prep school would be by agreement of the divorced spouses. The defendant there first agreed to have the son attend Kent prep school and the defendant paid the tuition there for two years. Afterwards, the defendant thought it would be better to send the boy to a public school. The plaintiff knew this but, nevertheless, continued to send the boy to Kent, and defendant refused to pay the tuition. The court held that the original agreement to send the boy to Kent was subject to change and that after defendant expressed his unwillingness to have the boy continue at Kent, it was up to plaintiff to obtain the agreement of defendant on which school the boy was to attend, if she wanted defendant to continue paying for the boy's education.

That case is not applicable to the situation involved in the case at bar for the reason that there was nothing in the divorce decree requiring the divorced spouse to agree which school the child should attend. In *Hight v. Hight* (3d Dist. 1972), 5 Ill. App. 3d 991, 284 N.E.2d 679, we considered a case in which the trial court modified the divorce decree by requiring

defendant to pay $80 a month for his daughter's educational purposes and medical expenses. As in the instant case, the defendant in *Hight* had not been consulted about his daughter's educational plans. In that case we said that we found no merit in defendant's claim that he should be excused from contributing to his daughter's educational expense because he was not consulted in advance about them. Here, as in *Hight*, there was no agreement involved as between the parties nor was there anything specified in the divorce decree as to approval of the school to be attended by the child. The defendant alternatively argues that the standard of reasonable expense of section 18 of the Divorce Act was not applied by the court because it failed to consider the reduced cost of having Nancy attend an Illinois school, at least for the first two years before her specialization in dental hygiene. So far as we could determine, the fact that the cost of local schools in Illinois would have been cheaper than the St. Teresa expense does not mean that the trial court overlooked that possibility or did not consider the reduction of costs which would have accrued if Nancy had attended Joliet Junior College. Under section 18 of the Divorce Act (Ill. Rev. Stat. 1975, ch. 40, par. 19), it is provided that the court may, on application, from time to time, terminate or make such alterations in the allowance of alimony and maintenance and, the care, education, custody and support of the children, as shall appear reasonable and proper.

■■ In the record as presented to us, the need of the child was demonstrated and the record showed that Nancy had an income of less than $400 in 1976. The record also revealed that plaintiff's business earned $2,829.84 in 1976. Defendant earned $15,500, besides his $1,335 interest income and various other assets owned by defendant. We cannot, therefore, say that the order of the circuit court which required defendant to pay $3,831 to cover costs of St. Teresa's College for Nancy's room, board, tuition and fees is unreasonable or improper under the circumstances and the record in this case.

A remaining issue in the case is whether the trial court erred in assessing plaintiff's attorney's fees for the defense of the instant appeal. Defendant argues that section 18 of the Divorce Act (Ill. Rev. Stat. 1975, ch. 40, par. 16), which authorizes circuit courts to assess attorney's fees in defending an appeal against one party or the other, applies only to appeal from the original decree and not to appeals from post-decree orders. In support of the argument, defendant cited two cases which agreed with defendant's interpretation of this section (*Horwitz v. Horwitz* (1st Dist. 1970), 130 Ill. App. 2d 424, 264 N.E.2d 723, and *Goldberg v. Goldberg* (1st Dist. 1975), 30 Ill. App. 3d 769, 332 N.E.2d 710). Other First District cases have held to the contrary. (*Rosenberger v. Rosenberger* (1st Dist. 1974), 21 Ill. App. 3d 550, 316 N.E.2d 1; *Zalduendo v. Zalduendo* (1st Dist. 1977),

45 Ill. App. 3d 849, 360 N.E.2d 386.) The issue involved has been decided previously in this appellate district.

■■ In *White v. White* (3d Dist. 1976), 41 Ill. App. 3d 758, 354 N.E.2d 486, the defendant, in a post-decretal proceeding, petitioned the court to reduce the amount of monthly alimony payments provided to be paid in the divorce decree. The court reduced the payments and defendant appealed, contending that the court should have made a greater reduction in alimony payments than it did. Plaintiff filed a motion in the appellate court asking that defendant be required to pay plaintiff's attorney's fees arising from defense of the appeal. The motion was originally granted by the trial court, but upon the motion for reconsideration, the order granting the attorney's fees was vacated and the entire issue of attorney's fees was remanded to the trial court. The court in *White v. White* pointed out that in case of an appeal by a husband or wife, the court in which the decree or order is rendered may grant and enforce the payment of such money for her or his defense and such equitable alimony during the pendency of the appeal as to such court shall seem reasonable and proper. We there pointed out, also, that there had been considerable conflict on the issue in the cases decided in this State and we concluded that fees may be awarded for expenses of appeal in disposing of matters such as alimony and child support which were not dealt with in the original divorce decree. We stated there, and reiterate, that we believe such rule may be properly expanded to permit an award of fees for expenses of appeal for such post-decree matters as change of custody or other modifications of the divorce decree. The trial court may enter an order relating to such appeal costs before the appeal has been completed, if the trial court concludes that such order is equitable under all circumstances.

■■ We, therefore, approve the order of the trial court assessing attorney's fees for services on appeal in this case, and, also, for reasons stated herein, we conclude that the order of the trial court ordering defendant, Leonard Krypel, to pay the college expense of his daughter, Nancy, in the amount of $3,831 in three installments, should be and is affirmed.

Affirmed.

STENGEL and STOUDER, JJ., concur.