*In re* MARRIAGE OF PATRICK H. SREENAN, Petitioner and Counterrespondent-Appellant, and BARBARA M. SREENAN, Respondent and Counterpetitioner-Appellee.

Second District   No. 78-546

Opinion filed March 14, 1980.

Patrick H. Sreenan, of Sreenan and Beu, of Rockford, for appellant, *pro se.*

Charles F. Thomas, of Thomas, Thomas & Keeling, of Rockford, for appellee.

Mr. JUSTICE LINDBERG delivered the opinion of the court:

Appellant, Patrick H. Sreenan (husband), appeals from a post-divorce decree entered by the Circuit Court of Ogle County ordering him to pay a portion of the college education expenses of two of his children.

Patrick and Barbara Sreenan (wife) were married on June 20, 1953. There were nine children born during the marriage. On April 1, 1970, the parties were divorced. A property settlement agreement, incorporated into the divorce decree, provided that the husband, to the extent he was financially able, would contribute to the post-high school educations of all of his children and "have a voice in the selection of the schools and curriculum for such children."

On May 23, 1977, the wife petitioned for payment of the forthcoming educational expenses for two of the children, Melaney and Charene. The husband filed a motion to dismiss on the ground that the wife's pleadings were unverified. In addition, the husband answered and counterclaimed for a reduction of support and alimony and sought a contempt order against the wife for the failure to return certain items of personal property.

The pleadings and interrogatories disclose the following facts. The husband is an attorney earning approximately $80,000 per year. His assets total approximately $64,000. The wife earns $13,000 per year as a teacher at Florida Southern College. In addition she earns $400 per month in director's fees and $400 per month from a private practice. Her assets

equal approximately $46,000. Pursuant to the divorce decree the wife was given custody of the nine children. In 1972, with the court's permission, the wife and children moved to Florida. The husband paid the educational expenses for Charene and Melaney while they pursued schooling in modeling and prelaw. In September 1976 the husband remarried, and communications between him and his wife and children apparently deteriorated. At about the same time, the parties engaged in a custody dispute. That same year, the two daughters changed their major field to sociology, which was opposed by the husband because it was his former wife's college major. Since this time, the husband has refused to pay the college expenses for these two daughters.

On December 14, 1977, a hearing was held at which oral arguments were heard on the petition for educational expenses. No sworn testimony was taken and no formal evidence was given at that hearing. However, it was disclosed that the wife's parents had set up a $40,000 educational trust fund for their 13 grandchildren. At the close of the hearing, the trial court ordered each side to submit financial statements, their own personal W-2 forms, their income tax returns and the W-2 forms for the trust fund. The court stated that it would review the pleadings and the submitted information and would then make a decision on the petition.

On February 24, 1978, the trial court entered an order which held that the reasonable educational expenses for Charene were $3,600.56 and for Melaney were $3,500.31. The court ordered the husband to pay 65 percent of these costs, the wife to pay 23 percent, and each daughter to pay 12 percent. The husband filed a post-trial motion seeking a new trial or vacation or modification of the court's order. The trial court denied this motion and this appeal followed.

Husband raises four contentions on appeal: (1) that the trial court erred in failing to dismiss wife's petition on the basis that the petition was not verified, (2) that the trial court erred in failing to require wife to answer the husband's affirmative defense and counterpetitions, (3) that the trial court erred by failing to hold an evidentiary hearing, and (4) that the trial court erred in requiring husband to contribute to the educational expenses of his children.

Section 35 of the Civil Practice Act provides:

"Any pleading, although not required to be sworn to, may be verified by the oath of the party filing it or of any other person or persons having knowledge of the facts pleaded. * * * If any pleading is so verified, every subsequent pleading must also be verified, unless verification is excused by the court. * * *" (Ill. Rev. Stat. 1977, ch. 110, par. 35(1).)

Under the new Marriage and Dissolution of Marriage Act, petitions for

dissolution of marriage are required to be verified. (Ill. Rev. Stat. 1977, ch. 40, par. 403.) However, there is no corresponding requirement that post-decree petitions be verified. Ill. Rev. Stat. 1977, ch. 40, par. 511.

■■ Wife's post-decree petition for educational expenses was not verified. If this petition is considered the first pleading in a new proceeding then there would be no verification requirement. Apparently husband is arguing that the educational expense petition was a pleading subsequent to the earlier pleadings which resulted in the divorce decree. Even if we were to accept this argument, husband has failed to provide any record of earlier verified pleadings. Under the prior divorce act, there was no requirement that the initial pleading be verified. (Ill. Rev. Stat. 1975, ch. 40, par. 7a.) Thus, without the inclusion of prior pleadings in the record, we are unable to determine if any earlier pleading required the wife's petition to be verified. Since the appellant has the burden of presenting the record on appeal to support his theory of the case (*Investors Shelter Corp. v. Chernick* (1978), 58 Ill. App. 3d 446, 374 N.E.2d 786), his failure to include any prior verified pleadings requires us to reject his contention that the wife's petition should have been verified.

■■ Husband's next contention is that the trial court should have required the wife to answer his affirmative defense and counterpetitions. Related to this contention, husband also argues that the court erred in failing to rule on his counterpetitions. With respect to husband's affirmative defense, the general rule is that where a plaintiff fails to reply to new matter contained in a defendant's affirmative defense, the truth of the new matter is deemed to have been admitted. However, such a failure to reply merely amounts to an admission of truth of new factual matter and does not amount to an admission that such new matter constitutes a valid legal defense. (*First Federal Savings & Loan Association v. American National Bank & Trust Co.* (1968), 100 Ill. App. 2d 460, 241 N.E.2d 615.) Also matters which are argumentative do not require a reply. (*Korleski v. Needham* (1966), 77 Ill. App. 2d 328, 222 N.E.2d 334.) Moreover, if a defendant introduces evidence to support his affirmative defense, he is deemed to have waived a reply. (*Pree v. Hymbaugh* (1959), 23 Ill. App. 2d 211, 162 N.E.2d 297.) In the instant case, husband's affirmative defense alleged numerous matters including an inability to pay, a failure to be consulted as to choice of schools and course of study, and the existence of a trust to pay the children's college expenses. We find that in each case defendant's allegations either did not require a reply or a reply was waived when evidence of income was submitted on December 14.

■■ Husband also filed counterpetitions which attempted to modify the decree with respect to maintenance and to enforce an order for the return of the personal property of Kevin Sreenan. Wife did not answer the

allegations in these counterpetitions, but instead first moved to strike certain paragraphs and then moved to dismiss. The trial court never ruled on the husband's counterpetitions or on the wife's motions addressed to them. Instead the court below chose to proceed first with the issue of educational expenses. Supreme Court Rule 304(a) (Ill. Rev. Stat. 1977, ch. 110A, par. 304(a)) provides for the appeal of the final judgment as to less than all claims involved in an action provided that the trial court makes an express written finding that there is no just reason for delaying enforcement or appeal. Such a finding was included in the order appealed from, and thus we see no error in the trial court's decision to first proceed with the issue of educational expenses.

■■ Husband next argues that the trial court erred in failing to conduct a full evidentiary hearing on the petition for educational expenses. On December 14, 1977, the trial court heard extensive oral arguments. While no sworn testimony was taken, the court had at its disposal a number of documents to aid in its decision including the interrogatories of the parties, a financial statement from each party, the parties' income tax returns from several past years, and the tax withholding form (W-2) from each party and from the educational trust for their children. At this hearing, husband requested the opportunity to examine the wife concerning some of the information contained in these documents. The trial court denied this request because the husband had failed to follow the previously agreed-upon procedures for securing testimony from the wife, who was not present on December 14. As a general rule, a party to a post-decree divorce proceeding has the right to examine necessary witnesses. (*Jamal v. Jamal* (1968), 98 Ill. App. 2d 180, 240 N.E.2d 246.) In the instant case, however, we find that the husband has waived the right by failing to take the steps necessary to secure the wife's testimony. We further hold that unlike the *Jamal* case, the trial court here had an adequate factual basis to form its opinion.

■■ Apart from the above-discussed procedural issues, husband's major contention is that the trial court erred in requiring him to contribute to the educational expenses of his children. Both under prior practice and under the new Marriage and Dissolution of Marriage Act, Illinois courts have the authority to order a party in a divorce proceeding to provide support for the education of the party's children, regardless of whether the children are minors or adults. (*Stecher v. Stecher* (1973), 16 Ill. App. 3d 297, 306 N.E.2d 86; Ill. Rev. Stat. 1977, ch. 40, par. 513; *Kujawinski v. Kujawinski* (1978), 71 Ill. 2d 563, 580, 376 N.E.2d 1382, 1390.) Moreover, it is well settled that this obligation to contribute to educational expenses is not conditioned upon a continued good relationship between parent and child or upon obtaining prior consent from the supporting parent. (*Krypel v. Krypel* (1978), 67 Ill. App. 3d 76, 382 N.E.2d 1275; *Imes v. Imes* (1977),

52 Ill. App. 3d 792, 367 N.E.2d 1075; *Flatley v. Flatley* (1976), 42 Ill. App. 3d 494, 356 N.E.2d 155; *Hight v. Hight* (1972), 5 Ill. App. 3d 991, 284 N.E.2d 679.) Husband, however, points to the provision of the divorce decree providing that he would have "a voice in the selection of the schools and curriculum" for the children. He further cites the case of *Van Nortwick v. Van Nortwick* (1967), 87 Ill. App. 2d 55, 230 N.E.2d 391, for the proposition that such provisions are controlling. In our view, the facts in *Van Nortwick* are clearly distinguishable from those in the case at bar. In *Van Nortwick* the wife selected a school, enrolled the child, paid the tuition and then sought a court order to force reimbursement from the husband. The court found it improper to present both the other parent and the court with a *fait accompli*. In the instant case, the wife unsuccessfully attempted to reach an agreement with the husband prior to incurring the expenses in question. She then petitioned the court for resolution of the impasse, again prior to the children's enrollment for the school year. This is, in effect, the preferred procedure suggested by the court in *Van Nortwick* (87 Ill. App. 2d 55, 57, 230 N.E.2d 391, 392).

Finally, husband argues that he is financially unable to make the ordered payments. As discussed above, the trial court had before it adequate financial information on which to base its decision. Our review of this information does not support the husband's contention that the formula arrived at is against the manifest weight of the evidence.

For the following reasons the judgment of the Circuit Court of Ogle County is affirmed.

Affirmed.

SEIDENFELD, P. J., and NASH, J., concur.