*In re* MARRIAGE OF JULIE A. MORIARTY, Petitioner-Appellee, and ROBERT V. MORIARTY, Respondent-Appellant.

First District (4th Division)   Nos. 84—168, 84—942 cons.

Opinion filed May 2, 1985.

Gerald W. Shea and Ira A. Rogal, both of Shea, Rogal & Associates, of Chicago, for appellant.

John J. Caulfield, of Chicago, for appellee.

JUSTICE JOHNSON delivered the opinion of the court:
Respondent appeals from a judgment of the circuit court of Cook County ordering him to pay the parochial high school tuition for two of his children and to pay attorney fees. Respondent contends that the trial court erred in rendering its judgment because (1) petitioner did not consult with him on the choice of high schools, and (2) he can-

not afford to pay either the tuition or the attorney fees.

We affirm, as modified by this opinion.

The circuit court granted petitioner, Julie Moriarty (Julie), a judgment of divorce from respondent, Robert V. Moriarty (Robert), on October 22, 1975. The court granted Julie custody of their three children, Bob, Bridget, and Sean; Julie voluntarily transferred custody of Bob, who possesses behavior and learning disorders requiring special treatment, to Robert on or about January 22, 1982. The court originally ordered Robert to pay Julie $200 per month per child as child support, but, in answer to a petition by Julie, increased that amount to $335 per month per child. Robert appealed the order that increased the child support, and we affirmed in an unpublished opinion filed pursuant to Illinois Supreme Court Rule 23 (87 Ill. 2d R. 23).

In February 1982, Julie petitioned the circuit court to enforce certain provisions of the divorce judgment that covered the children's education. She sought a judgment ordering Robert to pay the tuition for a parochial high school that the children were going to attend. Bridget enrolled in the school in September 1982 and Sean enrolled in the same school in September 1983. The court held a hearing where Robert argued that he should not be ordered to pay the tuition because Julie did not consult with him in choosing a high school and because he could not afford to pay it. In December 1983, the court granted Julie's petition and ordered Robert to pay the tuition accrued since September 1983. At the conclusion of separate proceedings, the court also ordered Robert to pay Julie's attorney fees totaling $6,204.90. Robert appeals.

## I. HIGH SCHOOL TUITION

### A. CONSULTATION

■■■ Robert contends that the trial court erred in ordering him to pay the tuition for Bridget and Sean because Julie did not consult with him in the selection of a high school.

The divorce judgment of Robert and Julie incorporated a settlement agreement that provided for, *inter alia*, the education of the children. The applicable provisions follow.

"ARTICLE IV

*Education of the Children*
* * *

3. ROBERT shall pay for the tuition and other expenses of the children if any of them desire to attend a parochial day

school at any time during grades one through twelve, providing ROBERT has the reasonable financial ability to pay for said expenses.

4. The decisions affecting the education of the children, including the choice of parochial school, trade school, college and professional school shall be made *jointly* by the parties and shall consider the expressed preference of the child, provided, however, that neither party shall unreasonably withhold his or her consent to the expressed preference of the child.

5. In the event the parties cannot agree upon the school to be attended or in respect to any of the foregoing, a Court of competent jurisdiction shall make the determination upon proper notice and petition." (Emphasis added.)

Robert claims that the decision to send the children to a parochial high school was not jointly made, in violation of paragraph 4.

The circuit court can properly enforce provisions of a settlement agreement incorporated into a divorce judgment (*Vinci v. Vinci* (1970), 131 Ill. App. 2d 496, 501, 266 N.E.2d 379, 383), and possesses considerable discretion in modifying support judgments (*In re Marriage of Kessler* (1982), 110 Ill. App. 3d 61, 72, 441 N.E.2d 1221, 1228-29). A court should construe settlement agreements incorporated into divorce judgments to give effect to the intentions of the parties. While all divorce judgments should be reasonably construed, those that seek to provide support to children receive the special care and consideration of the courts. *Schwartz v. Schwartz* (1966), 69 Ill. App. 2d 128, 135, 216 N.E.2d 505, 509.

Robert cites *Van Nortwick v. Van Nortwick* (1967), 87 Ill. App. 55, 230 N.E.2d 391, in arguing that Julie should have consulted with him on the selection of Bridget and Sean's high school. In *Van Nortwick*, the wife selected a school, enrolled the child, paid the tuition, and then sought a court order to force reimbursement from the husband. The court found it improper to present both the other parent and the court with a *fait accompli*. 87 Ill. App. 2d 55, 58, 230 N.E.2d 391.

We conclude that *Van Nortwick* is distinguishable from the case at bar. Unlike *Van Nortwick*, Julie petitioned the court to resolve the matter before the children were enrolled in school and, thus, did not present Robert and the trial court with a *fait accompli*. This is the preferred procedure that the *Van Nortwick* court suggested. (*Van Nortwick v. Van Nortwick* (1967), 87 Ill. App. 2d 55, 57, 230 N.E.2d 391; see *In re Marriage of Sreenan* (1980), 81 Ill. App. 3d 1025, 1030, 402 N.E.2d 348, 352.) Also unlike *Van Nortwick*, the settlement

agreement in this case provided that neither party could unreasonably withhold his or her consent from the expressed preference of the child, which Bridget and Sean repeatedly expressed to Robert. We hold that the trial court did not abuse its discretion in ordering Robert to pay for the parochial high school tuition of his children Bridget and Sean.

## B. ABILITY TO PAY

■■ Robert also contends that the trial court erred in ordering him to pay the parochial high school tuition of Bridget and Sean because he is financially unable to pay it.

Robert claims that his monthly net income of $2,650, after paying $670 per month in child support ($2,650 - $670 = $1,980), is approximately only $100 greater than Julie's monthly net income ($1,216 + $670 = $1,886), but his debts total $12,700 while Julie's debts total only $4,900. Julie claims that Robert's monthly net income is approximately $500 greater than what he claims due to overwithheld income tax, a voluntary tax-sheltered annuity, and a lump-sum payment resulting from his new employment contract.

The determination of the proper amount of child support lies within the sound discretion of the trial court and will not be set aside absent an abuse of discretion. The court must make its determination by accommodating the needs of the children with the available means of the parties. The factors that the court should consider in making its determination include: the age of the parties, their health, their properties and incomes, and their stations in life. *Knox v. Knox* (1975), 31 Ill. App. 3d 816, 823, 334 N.E.2d 891, 896.

■■ We find no abuse of discretion here. The record contains considerable testimony from both parties on their incomes, expenses, resources, debts, and obligations. We conclude that the record enabled the trial court to make a sufficiently accurate determination of the financial status of both parties and to thereby set an appropriate allowance for child support. Based on all of the evidence, we hold that the trial court's allowance of high school tuition for Bridget and Sean was neither excessive nor an abuse of discretion.

## II. ATTORNEY FEES

■■ Robert contends the trial court erred by ordering him to pay Julie's attorney fees totaling $6,204.90. The trial court based the award on what it viewed as (1) the inequities in earning power between Robert and Julie and (2) Robert's failure to obey the court's original order in the divorce judgment to pay for the children's educa-

tional expenses. Robert argues that he cannot pay two sets of attorney fees due to his obligations, increased child support payments, and his debts.

The allowance of attorney fees rests largely in the discretion of the trial court. To justify an award of attorney fees, the party seeking relief must demonstrate financial inability to pay and the ability of the other spouse to do so. When the financial and other circumstances of both parties are substantially similar and the wife's inability and the husband's ability to pay has not been shown, an award of attorney fees is an abuse of discretion. (*In re Marriage of Miller* (1980), 84 Ill. App. 3d 931, 937, 405 N.E.2d 1099, 1104.) However, a party who must use judicial process to enforce rights under, and to secure compliance with, the terms of a divorce judgment is entitled to reasonable attorney fees, even absent a showing of the party's inability to pay. *Tippet v. Tippet* (1978), 65 Ill. App. 3d 1018, 1020, 383 N.E.2d 13, 14.

■■ The trial court possessed ample evidence to find that the enforcement proceeding was based on Robert's failure to obey the court's divorce judgment. The record shows that Robert not only refused to pay his children's high school tuition, but that he did not attempt to resolve the matter at any step in the proceedings. We hold that the trial court did not abuse its discretion in awarding attorney fees to Julie.

■■ Neither Robert nor Julie argues that the amount of attorney fees is unreasonable. Our examination of the record, however, reveals that Robert cannot possibly pay fees totaling $6,204.90 in light of his financial circumstances. We, therefore, reduce the award of Julie's attorney fees from $6,204.90 to $2,000. 87 Ill. 2d R. 366(a)(5); *In re Marriage of Rizzo* (1981), 95 Ill. App. 3d 636, 652, 420 N.E.2d 555, 567.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed, as modified by this opinion.

Affirmed as modified.

LINN and ROMITI, JJ., concur.