GREGORY FIRKUS, Petitioner-Appellee, v. TRUDY J. FIRKUS (now Guerra), Respondent-Appellant.

Fifth District   No. 5—89—0453

Opinion filed July 19, 1990.

Jerold H. Goldenhersh, of Belleville, for appellant.

James M. Drazen, of Troy, for appellee.

JUSTICE WELCH delivered the opinion of the court:

Gregory Firkus and Trudy J. Firkus (now, Guerra) (hereinafter, husband and wife) received a judgment of dissolution of marriage in August 1981; wife was awarded custody of the minor child. In November 1988 attorney Lance Ferguson filed on behalf of wife a verified petition to remove child from State which was heard by the Madison County circuit court on February 2, 1989. At the close of wife's evidence, the court granted a directed verdict in favor of husband, denying the petition.

On March 1, 1989, attorney Jerold Goldenhersh filed on behalf of wife an unverified, post-trial motion to reconsider. No formal entry of appearance or request for substitution of counsel was made at this time. Subsequently, all hearing notices from the clerk's office were sent to attorneys Ferguson and Goldenhersh, as well as husband's attorney. On March 6, 1989, attorney Ferguson sent a letter to the court requesting that wife's petition to increase child support, pending since February 1988, be set on the next available docket. Ferguson also sent husband's attorney a letter on the same date inquiring as to possible settlement of the parties' disputes. Shortly thereafter, husband's attorney requested that the court set husband's pending petition for modification of visitation.

On March 21, 1989, attorney Ferguson filed a motion to withdraw as attorney for wife stating that attorney Goldenhersh had informed him on February 27, 1989, that he had been retained by wife to represent her and that she later confirmed this to him. Ferguson sent a copy of this motion to husband's attorney along with a cover letter indicating that his proposed settlement outlined in a letter of March 17, 1989, had been sent to wife without comment and that he expected attorney Goldenhersh would be contacting him about the proposal.

The court set all pending matters for April 13, 1989. Husband's attorney, however, sent a letter to attorney Ferguson on March 28, 1989, demanding compliance with an earlier discovery request. Attorney Goldenhersh filed interrogatories, a demand for production and a motion to accelerate time for compliance with discovery for the April 13, 1989, hearing, as well as a motion to continue same. The court allowed Ferguson's motion to withdraw as counsel for wife on April 13, 1989, but upon wife's motion filed by attorney Goldenhersh, continued to May 11, 1989, the post-trial motion and to June 7, 1989, all other pending motions.

At the May 11, 1989, hearing, husband's attorney made an oral motion to strike wife's post-trial motion on the grounds that attorney Goldenhersh was not an attorney of record at the time he filed same. There was no notice to attorney Goldenhersh of the oral motion to strike. The court ordered counsel for both parties to submit written argument as to the issue of "attorney of record." On June 9, 1989, the court granted husband's motion to strike on the grounds that the post-trial motion was unverified, thus failing to comply with section 2—605(a) of the Civil Practice Law (Ill. Rev. Stat. 1987, ch. 110, par. 2—605(a)), and because the post-trial motion was filed prior to the filing of Ferguson's motion to withdraw as counsel and without a substitution of counsel or entry of appearance by attorney Goldenhersh. Wife appeals from the June 9, 1989, order striking her post-trial motion to reconsider.

On appeal we are asked to determine whether the court below erred in striking the post-trial motion to reconsider based on the reasons stated in the order. As grounds for reversal, wife states that husband's written argument in support of the motion to strike did not provide any authority and that the court erred in interpreting applicable rules and cases.

■ The first issue we will address is whether the post-trial motion to reconsider was required to be verified. Section 2—605(a) of the Civil Practice Law provides in pertinent part as follows:

"(a) Any pleading, although not required to be sworn to, may be verified by the oath of the party filing it or of any other person or persons having knowledge of the facts pleaded. *** If any pleading is so verified, every subsequent pleading must also be verified, unless verification is excused by the court." (Ill. Rev. Stat. 1987, ch. 110, par. 2—605(a).)

Section 105 of the Illinois Marriage and Dissolution of Marriage Act provides that the provisions of the Civil Practice Law shall apply to all proceedings under the act except as otherwise provided in the act. Ill. Rev. Stat. 1987, ch. 40, par. 105.

■ Wife argues that husband waived her failure to verify the post-trial motion by failing to object to the motion either orally or in his written argument to the court and that had he so objected wife could have asked the court to excuse the verification requirement and allow her to swear to the allegations of the motion in open court at the post-trial motion hearing as authorized by section 2—605(a). Husband argues, however, that he did object orally at the hearing, and since we have not been provided with a transcript of that hearing, we cannot find that verification was not required on the basis of waiver

or that wife was not afforded an opportunity to request that verification of the motion be excused. The appellant has the duty to present the reviewing court with a complete record on appeal; any doubts arising from the incomplete record are therefore resolved against the appellant, and those issues which depend for resolution upon facts not in the record mandate affirmance. *Daniels v. City of Venice* (1987), 162 Ill. App. 3d 788, 791, 516 N.E.2d 701, 703.

 In any event this court is of the opinion that failure to verify the post-trial motion should not have served as grounds for striking same. Section 2—605 of the Civil Practice Law may not be used to require that pleadings governed by the Illinois Marriage and Dissolution of Marriage Act be verified. (See Ill. Ann. Stat., ch. 110, par. 2—605, Historical and Practice Notes, at 136 (Smith-Hurd 1983), citing *In re Marriage of Sreenan* (1980), 81 Ill. App. 3d 1025, 402 N.E.2d 348.) In *Sreenan*, a case involving a post-dissolution petition for allocation of college expenses of the parties' nonminor child, the court noted that under the Illinois Marriage and Dissolution of Marriage Act petitions for dissolution of marriage are required to be verified under section 403 thereof, but there is no corresponding requirement, as there was in the section of the Civil Practice Act corresponding to section 2—605, that post-decree petitions be verified. (*Sreenan*, 81 Ill. App. 3d at 1028, 402 N.E.2d at 350.) We further note that section 609 of the Illinois Marriage and Dissolution of Marriage Act, which gives the court authority to grant leave to the custodial parent before or after judgment to remove the minor child from the State of Illinois, does not require a verified petition for leave to remove. (Ill. Rev. Stat. 1987, ch. 40, par. 609.) Nor do petitions to modify or enforce a judgment of dissolution require verified pleadings. (Ill. Ann. Stat., ch. 40, par. 511, Supplement to Historical and Practice Notes, at 215 (Smith-Hurd 1990).) Although in the instant case the petition for leave to remove was verified and the motion to reconsider was not, we do not further believe that section 2—605(a) should require verification of this post-trial motion, especially considering the purpose thereof, to raise to the court's attention possible errors made in its decision and to afford an opportunity for their correction (*In re Marriage of Sanborn* (1979), 78 Ill. App. 3d 146, 150, 396 N.E.2d 1192, 1196).

 Certain motions such as to strike or to dismiss a complaint are not considered pleadings in the cause of such character requiring a verification. (*Opalka v. Yellen* (1973), 14 Ill. App. 3d 779, 781, 303 N.E.2d 265, 267; *McWane Cast Iron Pipe Co. v. Aetna Casualty & Surety Co.* (1954), 3 Ill. App. 2d 399, 402, 122 N.E.2d 435, 436; *Graff*

*v. Arlington Seating Co.* (1949), 337 Ill. App. 285, 85 N.E.2d 862 (abstract of opinion). But see *Capitol Records, Inc. v. Vee Jay Records, Inc.* (1964), 47 Ill. App. 2d 468, 197 N.E.2d 503.) In *Capitol Records,* the court disregarded paragraphs of defendant's unverified motion to strike which controverted any facts pleaded by plaintiff's verified complaint for temporary injunction, properly treating the motion to strike as an answer. (*Capitol Records,* 47 Ill. App. 2d at 477, 197 N.E.2d at 508.) In motions brought pursuant to section 2—615 of the Civil Practice Law, however, the defendant attacks the legal sufficiency of all or part of the complaint or asks that immaterial matter be stricken, necessary parties be added or designated misjoined parties be dismissed. (Ill. Rev. Stat. 1987, ch. 110, par. 2—615.) In contrast, pleadings are designed to allege or deny *facts* material to the proof of the case or set up affirmative defenses. A review of the statements in the post-trial motion to reconsider indicates recitation of matters of record, such as the date of the hearing and oral order denying the petition, and arguments of law in support of reversing the order, to wit, that the court erred in its decision by failing to properly consider the testimony or the applicable law as applied to the facts, and failed to properly exercise discretion in this regard. Verification of statements in the motion reflecting matters readily apparent in the record before the court should properly have been excused by the court. We therefore find that the court should have treated the motion to reconsider not as a pleading in the cause of such character requiring verification.

■■ ■ We next decide whether the trial court erred in determining that the post-trial motion should be stricken because attorney Goldenhersh was not the "attorney of record" at the time he filed the motion to reconsider. Husband argued in his memorandum to the court that, based on Supreme Court Rule 13(c)(2) (107 Ill. 2d R. 13(c)(2)), an attorney cannot enter his appearance in a case without leave of the court unless another attorney is substituted and, therefore, Goldenhersh was without authority to file the motion to reconsider until attorney Ferguson was allowed to withdraw nearly six weeks later. Rule 13(c)(1) requires that an attorney "shall file his written appearance *or other pleading* before he addresses the court unless he is presenting a motion for leave to appear by intervention or otherwise." (Emphasis added.) (107 Ill. 2d R. 13(c)(1).) Rule 13(c)(2) provides that an attorney may not withdraw his appearance for a party without leave of court and notice to all parties of record, and, unless another attorney is substituted, he must give reasonable notice of the time and place of the presentation of the motion for leave to with-

draw by personal service or certified mail and in the notice shall advise said party that to insure notice of any action, he should retain other counsel. (107 Ill. 2d R. 13(c)(2).) Rule 13, which was adopted in July 1982, represented the supreme court's attempt to deal with the troublesome problem of when and under what circumstances an attorney for a party can withdraw. (Ill. Ann. Stat., ch. 110A, par. 13, Historical and Practice Notes, at 32 (Smith-Hurd 1985).) Under paragraph (c) of this rule, an attorney's written appearance on behalf of a client before any court in this State binds the attorney to continue to represent that client in that cause until the court, after notice and motion, grants leave for the attorney to withdraw, and this is true whether a final judgment has been entered in the cause or the contract of employment has been carried out. Ill. Ann. Stat., ch. 110A, par. 13, Committee Comments, at 31 (Smith-Hurd 1985).

The only cases which have, to date, interpreted Rule 13's withdrawal provisions concern the situation in which an attorney has decided to withdraw from representation of a client, not, as in the instant case, where the client has fired the attorney and seeks the substitution of another attorney. As the committee comments noted above and cases which interpret Rule 13 indicate, the concern is for the client's continued representation and full notice and opportunity to contest withdrawal if he or she so desires. See, *e.g., In re Marriage of Santa Cruz* (1989), 179 Ill. App. 3d 611, 621, 534 N.E.2d 636, 642 (trial judge had no authority to allow counsel leave to withdraw and then immediately enter altered visitation order before party was notified of withdrawal and was able to secure other representation); *In re J.M.* (1988), 170 Ill. App. 3d 552, 568, 524 N.E.2d 1241, 1251, (father was deprived of right to counsel at dispositional hearing in violation of statute where he was not present at hearing when appointed counsel filed motion for leave to withdraw or notified of the hearing on the attorney's motion by personal service or certified mail and was not notified of the dispositional hearing in a proceeding involving a minor requiring authoritative intervention).

Cases since July 1982 which have dealt with the client's right to discharge his attorney do not rely on or even discuss Rule 13. The general rule applied by the courts is that a client has the right to discharge his attorney at will (*Ellerby v. Spiezer* (1985), 138 Ill. App. 3d 77, 81, 485 N.E.2d 413, 416), and that once an attorney is discharged, a court cannot continue to recognize him against the wishes of his former client. (*Meeker v. Gray* (1986), 142 Ill. App. 3d 717, 724, 492 N.E.2d 508, 513.) In *Gray*, the defendant alleged error in that an attorney who had entered his appearance on the defendant's behalf

some five years earlier had never obtained an order recognizing his withdrawal. The court found no prejudice to defendant who had never paid or agreed to pay this attorney and who represented in his answer that he wished to represent himself. (*Gray*, 142 Ill. App. 3d at 724, 492 N.E.2d at 513.) Rule 13 does provide that an attorney's motion to withdraw may be denied by the court if the granting of it would delay the trial of the case or would otherwise be inequitable. (107 Ill. 2d R. 13(c)(3).) This limitation expressed in Rule 13 would necessarily impact on both the attorney's right to withdraw from the case as well as the client's right to discharge and replace her attorney. See *In re Marriage of Milovich* (1982), 105 Ill. App. 3d 596, 616, 434 N.E.2d 811, 827 (a valid reason is necessary to discharge an attorney after trial has commenced).

■■ ■ We simply do not read subsections (c)(1) and (c)(2) of Rule 13 to be mutually exclusive, and therefore find that attorney Goldenhersh became an attorney of record even if attorney Ferguson was not allowed to withdraw until the motion to withdraw was heard. We believe Goldenhersh became an attorney of record at the time he filed the post-trial motion on behalf of the wife, Rule 13(c)(1) requiring the filing of an entry of appearance "or other pleading." In fact we take judicial notice of the fact that a party may be represented by more than one attorney or more than one law firm at the same time. That is what occurred in this case until Mr. Ferguson was granted leave to withdraw from representing wife on April 13, 1989. Although wife had considered her contract with Ferguson ended when she hired Goldenhersh, the court could not take cognizance of the termination until Ferguson was granted leave of court to withdraw. While Rule 13 dictates that leave must be granted to withdraw from representation, leave is not required to enter one's appearance, nor is an attorney prohibited from entering his appearance if another attorney had previously represented the client.

■■ ■ In addition, Supreme Court Rule 11 provides that "[i]f a party is represented by an *attorney of record*, service shall be made upon the attorney." (Emphasis added.) (107 Ill. 2d R. 11(a).) Husband's concern about confusion as to proper notification when more than one attorney appears on record for a party is misplaced. When more than one attorney appears for a party, service of a copy upon one of them is sufficient. (107 Ill. 2d R. 11(c).) The record indicates that this rule was complied with by husband's attorney by delivery of papers to attorney Ferguson prior to the entry of the order of withdrawal and that Ferguson properly turned them over to his client after being notified that his authority to act for his client had been re-

voked. We also note that the circuit clerk's office sent notices of hearings to both attorneys Ferguson and Goldenhersh. We find the court's ruling that an attorney cannot become "of record" until the prior attorney is granted leave to withdraw to be an unreasonable interpretation of Rules 11 and 13, especially prejudicial to a party who, as in the instant case, desires to substitute attorneys during a period when time to act is limited.

■■■ Because of our finding that verification of the post-trial motion was not required and that attorney Goldenhersh should have been considered an "attorney of record" at the time said motion was filed with the court below, we hold that the trial judge erred in striking wife's motion. Accordingly, the decision of the circuit court of Madison County is reversed and this cause is remanded for further proceedings consistent with the court's order herein.

Reversed and remanded.

CHAPMAN and HOWERTON, JJ., concur.